OAKLEY, APPELLANT, *v.* THE ETCHEN-LUTZ Co., APPELLEE.

(No. 3763—Decided March 10, 1941.)

*Messrs. Beckwith, Ohlinger, Koles & Wolf* and *Messrs. Paxson & Hallett,* for appellant.
*Messrs. Chase & Smith,* for appellee.

Lloyd, J. The defendant, The Etchen-Lutz Company, filed a motion to make certain allegations of the amended petition, filed by the plaintiff in the Court of Common Pleas, definite and certain and in the alternative to strike therefrom the words "forged and counterfeited * * * as conclusions of law." These motions being overruled, the defendant filed a "motion to dismiss amended petition for prior election of remedy." This motion being also overruled, the defendant demurred to the amended petition on the grounds that: One, there is a defect of parties plaintiff, and two, the petition does not state facts which show a cause of action against the defendant.

From the judgment entered sustaining the demurrer, the plaintiff appeals to this court on questions of law.

The amended petition of the plaintiff, insofar as essential to quote, reads as follows:

"The Etchen-Lutz Company on or about the 17th day of September, 1936, received from the Elmore Bank in the Village of Elmore, Ohio, a draft drawn by that bank upon The Toledo Trust Company, Toledo,

Ohio, for the principal sum of Four Thousand ($4,000) dollars and made payable to the order of plaintiff and her former husband, the said Clifford E. Belding. That shortly thereafter the said Clifford E. Belding and some person to this plaintiff unknown appeared at the office of the defendant together, and then and there forged and counterfeited the signature of this plaintiff upon said draft without any notice, knowledge or consent of this plaintiff for them to so do, and delivered the same to the said defendant; that the said forged and counterfeited signature of this plaintiff to said draft was known by the said defendant, The Etchen-Lutz Company; and that the said defendant caused this plaintiff the loss of said Four Thousand ($4,000) dollars, which was her own property; * * * that thereafter the said defendant, The Etchen-Lutz Company, collected the whole amount of said draft, namely the sum of Four Thousand ($4,000) dollars by endorsing the said draft to The Toledo Trust Company of Toledo, Ohio, and having said sum of Four Thousand ($4,000) dollars placed to its credit in said bank all to the damage of this plaintiff in the said sum of Four Thousand ($4,000) dollars.''

The plaintiff claims in her brief that the action is one ''for the conversion of a draft for $4,000.'' It is, however, rather an action against one of three joint tort feasors for knowingly participating in the forgery of the signature of the plaintiff on the draft whereby the defendant obtained $4,000, ''which was her own property,'' to her damage ''in the said sum of Four Thousand ($4,000) dollars'' for which, with interest, she prays judgment. The clear purport of the pleaded facts are that plaintiff and her husband were joint payees of the draft, which is to say that it was their

joint property, neither having any more interest therein than the other. It is not alleged that Belding endorsed the draft, the only endorsement thereon when presented to The Toledo Trust Company, other than that of the defendant, being the forged signature of the plaintiff, which it is alleged was induced by the combined wrongful conduct of Belding, the unnamed person, presumably a woman, and the defendant. The cause of action of the plaintiff therefore simmers down to one in tort for damages for the forgery of her signature whereby she says she has been damaged in the sum of $4,000.

If the cause of action of the plaintiff is as above outlined, then plaintiff would be entitled to commence her action against any one or all of the alleged tort-feasors, and there would not be a defect of parties because she chose to sue but one of them; nor would the facts stated in the amended petition be insufficient in law to state a cause of action.

It follows that the judgment of the Court of Common Pleas must be reversed and the cause remanded thereto with directions to overrule the demurrer and for further proceedings according to law.

*Judgment reversed and cause remanded.*

OVERMYER and CARPENTER, JJ., concur.