COLVIN, APPELLEE, *v.*
GLOBE AMERICAN CASUALTY COMPANY, APPELLANT.

[Cite as Colvin v. Globe American Cas. Co. (1982),
69 Ohio St. 2d 293.]

(No. 81-275—Decided February 19, 1982.)

*Mr. John P. Kennedy,* for appellee.

*Mr. Ronald G. LaAsmar* and *Mr. James P. Hodsden,* for appellant.

*Per Curiam.* This court has previously stated that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort. *Motorists Mutl. Ins. Co.* v. *Tomanski* (1971), 27 Ohio St. 2d 222-223. By virtue of R. C. 2305.06, within the general statute of limitations, the time in which to bring an action on written instruments, except certain negotiable instruments, is 15 years. Actions in tort seeking recovery of damages for personal injuries are governed by the two-year statute of limitations contained in R. C. 2305.10.

Generally, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one. *United Commercial Travelers* v. *Wolfe* (1947), 331 U. S. 586, 608.

In construing the provisions of a fire insurance policy, this court held that private contractual limitations which narrow the time for filing an action to a period less than set forth in the general statute of limitations are valid if reasonable. *Appel v. Cooper Ins. Co.* (1907), 76 Ohio St. 52 (upholding a six-month limitation clause). See, also, *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St. 2d 427 (approval by reference to a one-year limitation clause in a fire policy).

R. C. 3937.18, the statute providing for the mandatory offering of uninsured motorist coverage, has no statute of limitations, nor does it make reference to any prescribed statute of limitations. Therefore, again it may be reasonably concluded that the time within which to bring an action on the policy may be provided within the instrument, if the time provision is clear, unambiguous, and a reasonable period. Here, the contract of insurance is unambiguous in its terms relating to the period within which an action must be brought against the company on the uninsured motorist provisions of the policy, and that is clearly one year.

As stated previously, this court has held that the parties may bargain as to the limitation of time within which to bring an action, and that one year was not unreasonable as it would relate to certain insurance policies. Here, although there may be presented some additional difficulties in ascertaining the insured status of the tort-feasor, and thence some problem of passage of time, we believe that needed information may be gathered within this time period and appropriate proceedings instituted pursuant to the policy. The insured and his counsel were aware that there was a possible uninsured motorist claim at least by January 29, 1979. On or about the same day, the insured realized that the insurance company was not acknowledging the viability of the claim. It becomes rather clear that there was a real dispute between the parties sometime prior to March 20, 1979.

Although this case and its fact situation may present some degree of hardship, we cannot say as a general rule that a period of one year provided by the insurance contract entered into by the parties is an unreasonable period of time within which to bring an action against the company on the uninsured motorist provision of the policy.

We therefore conclude that such a time limitation as contained within an uninsured motorist provision of the policy is neither in conflict with R. C. 2305.10, the two-year statute of limitations for bringing actions for personal injuries, nor in violation of the public policy as embodied in R. C. 3937.18, the statute requiring the offering of uninsured motorist insurance.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

LOCHER, HOLMES and KRUPANSKY, JJ., concur.

CELEBREZZE, C. J., concurs in the judgment.

W. BROWN, SWEENEY and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The unanimous decision of the Court of Appeals expressed in a well-reasoned opinion declaring the one-year limitation period in uninsured motorist coverage of an insurance policy unreasonable and contrary to the public policy expressed in R. C. 3937.18 should be affirmed. From the contrary result reached by this court today I must dissent.

In this case, however, there is nothing in the record to show that the one-year limitation in the uninsured motorist coverage was in any way negotiable. It would appear that the limitation is a standard provision of the printed insurance contract form which must be accepted or rejected together with the policy as a whole.

More importantly, in the review of any provision of the sections of an insurance policy providing for uninsured motorist coverage, the query always must be the reasonableness of such provision in light of the requirements of R. C. 3937.18. Although this section does not mandate the acceptance of uninsured motorist coverage, it does mandate the offering of this coverage. Once the policyholder has determined his need, or desire, for such coverage and has paid the premiums for such coverage, the terms of the contract may not unduly or unreasonably restrict his utilization of this coverage. The instant contract does unduly restrict the availability of the benefits of this insurance, and does so particularly in light of the nature of this type of insurance which, by necessity, requires the claimant to have determined the

absence of liability insurance coverage of the tort-feasor involved in the incident.

A one-year limitation upon bringing an action, in an insurance contract, is not, *per se*, restrictive or unreasonable when applied to all types of insurance contracts. However, such a limitation is overly restrictive and unreasonable when applied to the uninsured motorist coverage in an insurance policy.

In a review of the case law of other states on this precise question of the reasonableness or lawfulness of a one-year limitation within which to bring actions under uninsured motorist coverage, a significant number have held such a period to be unreasonable and against public policy. In *Nixon* v. *Farmers Ins. Exchange* (1972), 56 Wis. 2d 1, 201 N.W. 2d 543, the court held that a one-year limitation of action clause was contrary to the purpose of Wisconsin's uninsured motorist statute which is to protect those who are legally entitled to recover from uninsured motorists. In *Sandoval* v. *Valdez* (App. 1978), 91 N.M. 705, 580 P. 2d 131, the court reached the same result for similar reasons. In *Burgo* v. *Illinois Farmers' Ins. Co.* (1972), 8 Ill. App. 3d 259, 290 N.E. 2d 371, the court ruled against a similar limitation clause, reasoning that enforcement of the clause would violate the public policy embodied within the uninsured motorist statute, of providing compensation to policyholders who suffer losses at the hands of uninsured motorists. See, also, *Farmers Ins. Exchange* v. *Horenburg* (1972), 43 Mich. App. 91, 203 N.W. 2d 742; *Signal Ins. Co.* v. *Walden* (1973), 10 Wash. App. 350, 517 P. 2d 611.

Many factors involved within the following fact situation of this case—not unlike those which would occur in most uninsured motorist claims—dictate the conclusion reached here.

The accident occurred on March 20, 1978. The appellee was hospitalized for a period of over two months following the accident. Subsequent to the accident, the appellee, through counsel, obtained the accident report, which indicated insurance coverage of the tort-feasor. It was not until January 29, 1979, some ten months after the accident, after the appellee filed an action against the tort-feasor, that the tort-feasor's uninsured status was discovered. Upon discovery of the probable uninsured status of the tort-feasor, the appellee's

attorney on February 28, 1979 corresponded with Globe's agent with regard to the appellee's uninsured motorist claim requesting proofs of claim forms. On March 7, 1979, the agent stated to appellee's attorney that the company would not concede that there was a valid claim and that the appellee would have to complete the company's required forms, including accident report and medical reports. Appellee's attorney received these forms on that date. The latter process of obtaining the necessary reports was only completed and submitted to Globe on May 21, 1979, after the running of the one-year period as set forth in the policy for bringing uninsured motorist actions. Thus is was impossible for the parties to complete the non-litigation processing of the uninsured motorist claim before the one-year contractual limitation period had run. Globe immediately on June 1, 1979, informed appellee's counsel that it would no longer consider the claim in that arbitration had not commenced within one year after the accident.

Generally, statutes of limitations are held to be applicable, and commence, at the time the cause of action accrues. In the instance of a claim under a fire insurance policy, the accrual date is that when the fire occurs. In the instance of a motor vehicle injury claim, the accrual date is the date of the accident. In like manner, in most instances of insurance claims, the accrual date for purposes of the limitation of action commences from the date of the occurrence. In such instances where the claimant has his own insurance coverage, be it fire, collision, accident, etc., he is, or should be, aware of such coverage and the limitations of the policy in this regard and, more important, that his rights under the policy have accrued.

In contrast, the policyholder in this instance, and other like cases involving uninsured motorist coverage, would not know of his need to assert such a claim until the knowledge of the absence of liability insurance of the tort-feasor is obtained. This passage of time, from the date of the occurrence until the knowledge of absence of coverage, tends to erode, and provide less than the full period of, the limitation within which to bring an action under the policy. Under such circumstances the one-year period is unreasonable.

Also, prior to the initiation of formal arbitration pro-

ceedings, the insured and the company will want to informally negotiate the claim so that the expense of these proceedings can be avoided. This also will reduce the insured's time to institute proceedings. However, such good faith effort will be solely at the risk of the insured since only the insured suffers by the passage of one year and the concomitant termination of the right to bring an action against the insurance company. On the other hand, the company is not prejudiced by an insured's failure to institute proceedings within one year. It is not until the two-year tort statute of limitations, R. C. 2305.10, has run—resulting in the potential loss of subrogation rights by the insurance company—that the company is prejudiced.

Consequently, a two-year period such as contained in R. C. 2305.10, generally for bringing an action upon a tort claim, is a reasonable limitation of time within which to bring an action under the uninsured motorist coverage of an insurance policy, subject to a reasonable period for the insurance company to exert its subrogated right of action against the tort-feasor.

As the limitation in the uninsured motorist coverage of the policy is less than the two years which an insured would have under R. C. 2305.10 to determine whether the insured is legally entitled to recover damages from the owner or operator of the motor vehicle found to be uninsured and to bring an action under the uninsured motorist coverage of the policy, such limitation is unreasonable and contrary to the public policy expressed in R. C. 3937.18.

Declaring the one-year limitation clause in this case invalid is consistent with three recent cases by this court declaring exclusionary clauses in uninsured motorists coverage provisions invalid as a violation of R. C. 3937.18: *Grange Mutl. Ins. Co.* v. *Volkmann* (1978), 54 Ohio St. 2d 58; *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50; *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33. Validation of the one-year limitation clause conflicts with these three Ohio cases and with R. C. 3937.18.

In *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, this court indirectly approved a one-year limitation clause in a fire policy. Such approval, finding the limitation reasonable, is necessarily limited to the context of fire policies. Those holding such policies are aware of their coverage, and

the limitations therein. They can act on the matter immediately upon suffering a covered loss. Uninsured motorist protection, however, is relevant only upon the determination that the insured suffered an injury by an uninsured motorist. Such a determination may not be immediate, thus reducing the span in which the insured may effectively exercise his right to bring suit. In the context of uninsured motorists, a reasonable period for bringing suit differs from that with fire policies. Thus, our statement in *Hounshell* concerning reasonableness there does not contravene a finding of unreasonableness here. Similarly, the concern expressed by the dissenters to *Hounshell,* at page 436, that the holding discouraged out-of-court settlement offers does not apply in this case. Rather, expanding the time in which an insured may enforce his claim ensures that serious attention will be paid to such claims for longer periods by the insurer.

The purpose of uninsured motorist coverage and of R. C. 3937.18 is to put the insured in the same position he would have had if the tort-feasor carried liability insurance. Such position would give the insured a two-year statute of limitation period to sue the tort-feasor. The tort-feasor and his insurer could not reduce the limitation period from two years. *Nixon* v. *Farmers Ins. Exchange, supra; Sandoval* v. *Valdez, supra;* see *State Farm Mutl. Ins. Co.* v. *Bafus* (1970), 77 Wash. 2d 720, 724, 466 P. 2d 159, 161; *Brummett* v. *Grange Ins. Assn.* (1971), 4 Wash. App. 979, 981, 485 P. 2d 88, 89; *Indiana Ins. Co.* v. *Noble* (1970), 148 Ind. App. 297, 308, 265 N.E. 2d 419, 426.

Appellant contends that R. C. 3937.18 is not a mandate of strong public policy with respect to uninsured motorist coverage in light of the opportunity of the insured to reject the coverage afforded by R. C. 3937.18. This contention is baseless. Nothing in the record suggests that the one-year limitation in the uninsured motorists provision is in any way negotiable. It is an adhesion contract in that the protection afforded against an uninsured motorist is to be accepted or rejected by the insured as a package. 7 Appleman, Insurance Law & Practice, Section 4331.

W. BROWN and SWEENEY, JJ., concur in the foregoing dissenting opinion.