DURIAK ET AL., APPELLANTS, *v.* GLOBE AMERICAN CASUALTY
COMPANY ET AL., APPELLEES.

[Cite as Duriak *v.* Globe American Cas. Co. (1986),
28 Ohio St. 3d 70.]

(No. 86-132—Decided December 24, 1986.)

*John F. Norton,* for appellants.

*James P. Hodsden,* for appellee Globe American Casualty Co.

*Reminger & Reminger Co., L.P.A., John A. Neville* and *Richard J. Rymond,* for appellee Empire Fire & Marine Insurance Co.

*Per Curiam.* Appellants raise four propositions of law. For the following reasons we reject those propositions and find for appellees.

## I

Appellants first argue that an uninsured motorist claim in an insurance policy may not be limited under the terms of the policy to a period of one year. This identical issue was raised, analyzed, and resolved in *Colvin* v. *Globe American Cas. Co.* (1982), 69 Ohio St. 2d 293 [23 O.O.3d 281]. We reaffirm *Colvin* and decline to accept appellants' invitation to overrule it.

## II

Appellants next assert that because Globe became subrogated to the collision claim, and acted against the uninsured motorist to recoup its payment to appellants, that Globe has waived its one-year time bar with respect to the uninsured motorist claim.

In *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427 [21 O.O.3d 267], we recognized that an insurance company may waive a limitation clause where its actions or declarations hold out a hope of adjustment which occasions delay by the insured in filing a claim. This is not applicable to the cause at bar because the only actions taken by Globe were with respect to the collision loss amount previously paid to appellants. Clearly, Globe's actions in seeking payment for its monies expended on the personal property collision claim would neither limit nor prejudice any claim made independently by appellants in a personal injury action against the uninsured motorist. See *Broadview S. & L. Co.* v. *Buckeye Union Ins. Co.* (1982), 70 Ohio St. 2d 47 [24 O.O.3d 109] (efforts by insurance adjuster in gathering information for potential claim, where no settlement offers were made and there was no assurance as to the likelihood for a future offer, did not estop insurance company from enforcing limitation provision). Cf. *Pedler* v. *Aetna Life Ins. Co.* (1986), 23 Ohio St. 3d 7, 10. Accordingly, we reject appellants' second proposition.

## III

Appellants' next proposition of law involves the propriety of excess liability insurance coverage offered by Empire which purportedly did not comply with R.C. 3937.18 by not offering uninsured motorist coverage. In addressing this issue we recognize that the court of appeals majority decision never reached this issue, deciding instead to resolve the problem by recognizing that because the Empire policy incorporated the terms of the

Globe policy, noncompliance with the Globe policy would preclude payment under the Empire policy as well. We agree with the court of appeals to the extent that appellants' failure to comply with the one-year limitation clause in the Globe policy would also preclude payment under the Empire policy. We feel it necessary, however, to go further, as did the dissent below, in assessing the impact of former R.C. 3937.18 on excess insurance coverage.

R.C. 3937.18 provided, in pertinent part:

"(A)  No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in the state unless an equivalent amount of * * * [uninsured motorist] coverage * * * is provided therein * * *."

Clearly, under the express terms of R.C. 3937.18, no exception is made with respect to excess insurance coverage. If the legislature desires to exempt excess liability carriers, they are free to do so. In the meantime, however, we are compelled to hold that excess liability insurance must comport with R.C. 3937.18. In this holding we approve of *Cincinnati Ins. Co.* v. *Siemens* (1984), 16 Ohio App. 3d 129.

With respect to the instant cause we accept the reasoning of the court below that although Empire did not offer the requisite coverage, the proviso in the policy predicating recovery upon compliance with the primary insurance coverage is effective to preclude recovery from the Empire policy even if we insert uninsured motorist coverage into the policy as a matter of law.

## IV

Appellants' final contention is that the Globe policy's exclusion applicable to medical payments was repugnant to the agreement to pay medical expenses.

The clause in question excludes:

"(i)  Under coverage C [Automobile Medical Payments], to that amount of any medical expense which is paid or payable to or on behalf of the injured person under the provisions of any (1) premises insurance affording benefits for medical expenses, (2) individual, blanket or group accident, disability or hospitalization insurance, (3) medical, surgical, hospital or funeral service, benefit or reimbursement plan or (4) workmen's compensation or liability benefits law or any similar law[.]"

While language similar to that in question was declared unenforceable by this court with respect to *uninsured* motorist coverage, based upon a reading of R.C. 3937.18 applicable in September 1965 (*Bartlett* v. *Nationwide Mut. Ins. Co.* [1973], 33 Ohio St. 2d 50 [62 O.O.2d 406]), no basis is suggested to allow us to declare the instant exclusionary clause, relating

to medical payments under the *insuring agreements* provision of the policy, to be unenforceable. This court has previously recognized that "[a]greements voluntarily and fairly made between competent persons are usually valid and enforceable, and the principle that agreements opposed to public policy are not enforceable should be applied cautiously and only in circumstances patently within the reasons on which that doctrine rests." *Gugle* v. *Loeser* (1944), 143 Ohio St. 362 [28 O.O. 318], paragraph one of the syllabus. See, also, *Kerry* v. *State Farm Mut. Auto. Ins. Co.* (1978), 60 Ohio App. 2d 8 [14 O.O.3d 7].

The clause in question merely allows for setoff on medical expense payments to insure that there is no double recovery. Such a clause violates neither public policy nor any statute presented before us in this cause. Accordingly, we reject appellants' final proposition of law and affirm the judgment of the court of appeals below.

*Judgment affirmed.*

CELEBREZZE, C.J., LOCHER, HOLMES and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.

SWEENEY, J., dissents.

C. BROWN, J., dissents with opinion.

CLIFFORD F. BROWN, J., dissenting. Within the confines of the shores and riverbed which is our legal system flow the waters of the law toward their ultimate destination: justice. Throughout the riverbed there are obstacles to the law which impede its progress towards justice. Some of these obstacles, such as privity and interspousal tort immunity, though once formidable barriers, have since been eroded away by the consistent onslaught of the law in its never-ending quest to reach justice.

Rather than taking this opportunity to cleanse impurities from the waters of the law, the majority today lays in place a colossal impediment to the law's trek towards justice. This blockage is placed solely and squarely upon a foundation of loose sediment and sludge that is the unsound decision of *Colvin* v. *Globe American Cas. Co.* (1982), 69 Ohio St. 2d 293 [23 O.O.3d 281].

A plurality opinion is not controlling because it fails to receive the support of the majority of the court. *Hedrick* v. *Motorists Mut. Ins. Co.* (1986), 22 Ohio St. 3d 42, 44. *Colvin* is such an opinion. In a *per curiam* opinion in which only three justices joined while a fourth concurred in judgment only, this court handed down *Colvin*. Yet, the majority today affirms *Colvin* in a mere three sentences without analysis, without rational consideration and without even any thought.

As I stated in my dissent in *Colvin* at 297-301:

"In this case, however, there is nothing in the record to show that the one-year limitation in the uninsured motorist coverage was in any way negotiable. It would appear that the limitation is a standard provision of the printed insurance contract form which must be accepted or rejected together with the policy as a whole.

"More importantly, in the review of any provision of the sections of an insurance policy providing for uninsured motorist coverage, the query always must be the reasonableness of such provision in light of the requirements of R.C. 3937.18. Although this section does not mandate the acceptance of uninsured motorist coverage, it does mandate the offering of this coverage. Once the policyholder has determined his need, or desire, for such coverage and has paid the premiums for such coverage, the terms of the contract may not unduly or unreasonably restrict his utilization of this coverage. The instant contract does unduly restrict the availability of the benefits of this insurance, and does so particularly in light of the nature of this type of insurance which, by necessity, requires the claimant to have determined the absence of liability insurance coverage of the tort-feasor involved in the incident.

"A one-year limitation upon bringing an action, in an insurance contract, is not, *per se,* restrictive or unreasonable when applied to all types of insurance contracts. However, such a limitation is overly restrictive and unreasonable when applied to the uninsured motorist coverage in an insurance policy.

"* * *

"Generally, statutes of limitations are held to be applicable, and commence, at the time the cause of action accrues. In the instance of a claim under a fire insurance policy, the accrual date is that when the fire occurs. In the instance of a motor vehicle injury claim, the accrual date is the date of the accident. In like manner, in most instances of insurance claims, the accrual date for purposes of the limitation of action commences from the date of the occurrence. In such instances where the claimant has his own insurance coverage, be it fire, collision, accident, etc., he is, or should be, aware of such coverage and the limitations of the policy in this regard and, more important, that his rights under the policy have accrued.

"In contrast, the policyholder in this instance, and other like cases involving uninsured motorist coverage, would not know of his need to assert such a claim until the knowledge of the absence of liability insurance of the tort-feasor is obtained. This passage of time, from the date of the occurrence until the knowledge of absence of coverage, tends to erode, and provide less than the full period of, the limitation within which to bring an action under the policy. Under such circumstances the one-year period is unreasonable.

"Also, prior to the initiation of formal arbitration proceedings, the insured and the company will want to informally negotiate the claim so

that the expense of these proceedings can be avoided. This also will reduce the insured's time to institute proceedings. However, such good faith effort will be solely at the risk of the insured since only the insured suffers by the passage of one year and the concomitant termination of the right to bring an action against the insurance company. On the other hand, the company is not prejudiced by an insured's failure to institute proceedings within one year. It is not until the two-year tort statute of limitations, R.C. 2305.10, has run—resulting in the potential loss of subrogation rights by the insurance company—that the company is prejudiced.

"Consequently, a two-year period such as contained in R.C. 2305.10, generally for bringing an action upon a tort claim, is a reasonable limitation of time within which to bring an action under the uninsured motorist coverage of an insurance policy, subject to a reasonable period for the insurance company to assert its subrogated right of action against the tort-feasor.

"As the limitation in the uninsured motorist coverage of the policy is less than the two years which an insured would have under R.C. 2305.10 to determine whether the insured is legally entitled to recover damages from the owner or operator of the motor vehicle found to be uninsured and to bring an action under the uninsured motorist coverage of the policy, such limitation is unreasonable and contrary to the public policy expressed in R.C. 3937.18.

"* * *

"The purpose of uninsured motorist coverage and of R.C. 3937.18 is to put the insured in the same position he would have had if the tort-feasor carried liability insurance. Such position would give the insured a two-year statute of limitation period to sue the tort-feasor. The tort-feasor and his insurer could not reduce the limitation period from two years."

Colvin is not controlling law. Colvin is not good law. Because a one-year contractual limitation on filing claims under an uninsured motorist provision of an insurance policy violates both the spirit of R.C. 3937.18 and sound public policy, Colvin should be overruled and the judgment of the court of appeals should be reversed.