**WORLEY, Appellant,**

v.

**OHIO MUTUAL INSURANCE ASSOCIATION/UNITED OHIO INSURANCE COMPANY, Appellee.**

[Cite as *Worley v. Ohio Mut. Ins. Assn./United Ohio Ins. Co.* (1991), 76 Ohio App.3d 531.]

Court of Appeals of Ohio,
Montgomery County.

No. 12915.

Decided Dec. 16, 1991.

*E.S. Gallon & Associates* and *David M. Deutsch,* for appellant.
*Freund, Freeze & Arnold* and *Patrick Janis,* for appellee.

BROGAN, Judge.

This appeal concerns the issue of whether an insurance company in providing underinsurance motorist coverage may validly limit the time for bringing an action by its insured on such contract to a period of one year.

The appellant, Robert Worley, filed a complaint for declaratory judgment in the common pleas court, seeking a declaration of his rights under a certain policy of insurance with appellee United Ohio Insurance Company, which provided underinsurance coverage to appellant. The insurance policy contained the following provision:

"No suit or request for arbitration may be brought against the company unless *you have complied with all terms of this policy and unless action is filed within twelve (12) months after the date of the accident."* (Emphasis added.)

In the complaint appellant alleged he and his wife, Zelia, were involved in an automobile accident with Ralph Corbin on June 17, 1987, and that they settled their claim against Corbin on April 13, 1990 for Corbin's insurance policy limits of $35,000. Appellant further alleged in the complaint that he purchased underinsurance coverage from the appellee in the amount of $500,000.

The appellant further alleged that he and his wife sustained injuries in excess of Corbin's policy limits and he made a demand upon the appellee for payment of benefits under the underinsurance provision of his policy with the appellee. When the appellee refused payment because the appellant had failed to bring suit or request arbitration within one year of the accident, appellant brought this declaratory judgment action.

The trial court granted summary judgment for the appellee and found that the one-year limitation found in the insurance contract was a reasonable one and thus was enforceable, citing *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167. Since it was undisputed that the appellant failed to bring suit or seek arbitration within one year of the accident, the trial court granted the appellee summary judgment in its favor. From that judgment, the appellant has timely appealed and raised two assignments of error:

"The trial court erred by its ruling that there is no difference between uninsured and underinsured [insurance], as it pertains to the twelve-month arbitration clause.

"The court below erred in ruling that an ambiguity did not exist when construing conflicting terms within the insurance contract."

■ Generally, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations, provided the shorter period is a reasonable one. *Order of United Commercial Travelers of Am. v. Wolfe* (1947), 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687; *Appel v. Cooper Ins. Co.* (1907), 76 Ohio St. 52, 80 N.E. 955 (upholding a six-month limitation clause).

■ The Ohio Supreme Court held in *Colvin* that as a general rule a period of one year provided by the insurance contract entered into by the parties is not an unreasonable period of time with which to bring an action against the company on the uninsured motorist provision of the policy. The court noted that R.C. 3937.18, providing for the mandatory offering of uninsured motorist coverage, has no statute of limitations, and thus a clear, unambiguous, and reasonable period in the insurance contract may provide for the time to bring an action under the policy.

The court noted that "although there may be presented some additional difficulties in ascertaining the insured status of the tort-feasor, and thence some problem of passage of time, we believe that needed information may be gathered within this time period and appropriate proceedings instituted pursu-

ant to the policy." *Colvin,* 69 Ohio St.2d at 296, 23 O.O.3d at 283, 432 N.E.2d at 170.

In *Duriak v. Globe Am. Cas. Co.* (1986), 28 Ohio St.3d 70, 28 OBR 168, 502 N.E.2d 620, the Ohio Supreme Court reaffirmed the holding in *Colvin* and declined the appellant's invitation to overrule it.

The Clermont County Court of Appeals recently held that a one-year limitation in an insurance contract providing underinsurance was an unreasonable time limitation as a matter of law. See *Cook v. Ohio Mut. Ins. Assn.* (May 29, 1990), Clermont App. No. CA89-09-081, unreported, 1990 WL 70931. The court distinguished the *Colvin* decision, noting there were significant differences between an uninsured and underinsured motorist claim. The court noted in the latter case the insured must discover not only whether the tortfeasor is insured, but the extent of his coverage and the extent of his damages within the one-year period. The court held it was unreasonable to expect the insured to obtain definite calculations for both of these variables within the space of a year.

The underinsurance statute requires an insurer to provide coverage to its insured when the tortfeasor's coverage is *less* than the limits of the insured's uninsured motorist coverage at the time of the accident. *Hill v. Allstate Ins. Co.* (1990), 50 Ohio St.3d 243, 553 N.E.2d 658; R.C. 3937.18(A)(2).

In the limit-of-liability clause the parties' insurance contract provided in pertinent part:

"The Limit of Liability shown in the Declarations for this coverage is our maximum Limit of Liability for all damages resulting from any one accident. We will not be obligated to make any payment because of bodily injury for Uninsured Motorists Coverage and Underinsured Motorists Coverage until after the Limits of Liability under all bodily injury liability bonds or insurance policies that are in force at the time of the accident *have been exhausted by payment of judgments or settlements.*" (Emphasis added.)

The arbitration provision provides in pertinent part:

"If we and a covered person do not agree:

"1. whether that person is *legally entitled* to recover damages under this Part;

"2. As to the amount of damages;

"either party may make a written demand for arbitration. * * * *"

The appellant argues there is a significant difference between the insured who seeks to recover under his uninsured motorist insurance coverage and the insured who seeks recovery under his underinsured motorist coverage. The appellant concedes that while it may be reasonable to require the insured to

determine whether the alleged tortfeasor is insured within a year, it is far more difficult to determine within a year the extent of the tortfeasor's insurance coverage, the extent of his own personal injury and future medical bills, and whether he will recover in damages from the tortfeasor more than the amount of the tortfeasor's insurance coverage.

Appellant argues that since the insurer is not legally obligated to make payment to the insured because of underinsurance coverage until *after* the limits of liability of all bodily injury liability bonds or insurance policies in force at the time of the insured's accident have been exhausted by payment or settlement, it would be absurd to require the insured to bring suit or to arbitrate a claim against his insurer before the tortfeasor's insurance coverage has been exhausted by payment or settlement as the insurer is not legally obligated before that condition is met.

In short, the appellant argues that without a settlement or judgment against the tortfeasor, it is impossible to arbitrate any amount owed by the insured's own insurance carrier under the underinsurance provision.

The appellee argues that the policy provision which requires a demand for arbitration within twelve months of the date of the occurrence provides notice to the insurance company that a claim is being made for underinsurance benefits and this notification to the insurance company allows it to investigate the claim in a timely fashion.

We agree with the appellee that early notification by the insured to the insurer of a potential claim under the policy serves to protect important interests of the insurer. We disagree that the method to accomplish such a purpose is to require the insured with underinsured motorist coverage to bring suit or demand arbitration with his insurance company before the insured's claim is ripe. The law does not favor bringing litigation or demanding arbitration when the claim has yet no basis in fact or law.

The insurance company may protect itself by requiring an insured to notify his insurance company in a timely manner whenever he believes he may have a potential claim for coverage under the underinsured motorist provisions of his policy.

We recognize there may be cases where an individual insured may be able to meet the one-year requirement of suit or demand for arbitration of his underinsurance claim where his injuries are severe, the tortfeasor's liability clear and his coverage wholly inadequate. We believe that there will be a significant number of insureds who will not fit neatly in this factual category and who will find it impossible to bring an action under the underinsurance coverage provisions within a one-year period. For that reason, we find the

appellant's first assignment well taken. We do not find the insurance contract ambiguous. The appellant's second assignment is overruled.

The judgment of the trial court will be reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILSON and WOLFF, JJ., concur.