[No. C015809. Third Dist. Apr. 11, 1994.]

DON ARRASMITH, Plaintiff and Appellant, v.
STATE FARM INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Barr, Sinclair & Hill, Larry L. Hill and Lauren E. Leisz for Plaintiff and Appellant.

Moss & Enochian and Mark D. Norcross for Defendant and Respondent.

## OPINION

**PUGLIA, P. J.**—Plaintiff appeals from an order denying his petition to compel arbitration of an underinsured motorist insurance claim. The trial court concluded the claim is barred by the statute of limitations set forth in Insurance Code section 11580.2, subdivision (i). (Further statutory references to sections of an undesignated code are to the Insurance Code.) Plaintiff contends this limitation period is inapplicable to *under*insured motorist claims and, at any rate, defendant is estopped to raise this defense. We shall affirm.

### I

"Unless otherwise agreed in writing, '[e]very policy of auto insurance in this state must provide uninsured motorist coverage equal to or greater than that required by Insurance Code section 11580.2.' [Citation.] Section 11580.2, subdivision (b) defines 'uninsured motor vehicle' to include one with respect to which there is no bodily injury liability insurance, and one which is 'underinsured' as defined in subdivision (p) of that section. Section 11580.2, subdivision (p)(2) defines an 'underinsured motor vehicle' as one 'insured for an amount that is less than the uninsured motorist limits carried' by the injured person." (*Holcomb* v. *Hartford Casualty Ins. Co.* (1991) 230 Cal.App.3d 1000, 1003 [281 Cal.Rptr. 651].)

Section 11580.2, subdivision (f) requires that any dispute over whether an insured is entitled to uninsured motorist benefits or the amount thereof be submitted to arbitration. Section 11580.2, subdivision (i) establishes a one-year statute of imitations for certain prerequisites to accrual of an uninsured motorist claim. (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 484 [121 Cal.Rptr. 477, 535 P.2d 341]; *Ramirez* v. *USAA Casualty Ins. Co.* (1991) 234 Cal.App.3d 391, 398 [285 Cal.Rptr. 757].) It provides: "No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless one of the following actions have [*sic*] been taken within one year from the date of the accident: [¶] (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction. [¶] (2) Agreement as to the amount due under the policy has been concluded. [¶] (3) The insured has formally instituted arbitration proceedings."

■ Section 11580.2 mandates minimum coverage and benefits for uninsured and underinsured motorist claims. (*Lumberman's Mut. Cas. Co.* v. *Wyman* (1976) 64 Cal.App.3d 252, 257 [134 Cal.Rptr. 318].) The insurer may by contract assume greater liability. (*Ibid.*; *United States Automobile Assn.* v. *Kresch* (1975) 48 Cal.App.3d 640, 647 [121 Cal.Rptr. 773].)

## II

On August 24, 1991, plaintiff was injured in an automobile collision with an underinsured motorist. At the time, plaintiff was covered by a "bodily injury liability insurance policy" issued by defendant, State Farm Mutual Automobile Insurance Company (State Farm), providing uninsured and underinsured motorist benefits. The policy contained a provision for arbitration of any coverage dispute "upon written request of the *insured*."[1]

By December 26, 1991, plaintiff had settled his claim with the underinsured motorist for the limit of the motorist's liability policy.[2] On September 4, 1991, State Farm notified plaintiff, "it appears that you will have an underinsured motorist claim." Thereafter, plaintiff and State Farm negotiated over settlement of this claim but were unable to reach an agreement. On April 24, 1992, State Farm informed plaintiff by letter that section 11580.2, subdivision (i) (set out verbatim in the letter) is applicable to his underinsured motorist claim. As explained, that provision contains a one-year statute of limitations applicable to uninsured motorist claims.

There was no further communication between plaintiff and State Farm, until August 18, 1992, when plaintiff's attorney sent State Farm a letter indicating: "This will confirm that this office will be representing the Plaintiff[s], Don and Charlaine Arrasmith, herein."

The policy at issue provided for initiation of arbitration by written notice. On November 2, 1992, plaintiff made a written demand for arbitration of the underinsured motorist claim. State Farm refused to arbitrate. Plaintiff's petition to compel arbitration was denied by the superior court, giving rise to this appeal.

## III

■ Other than the demand for arbitration, plaintiff did not avail himself of any of the means specified in section 11580.2, subdivision (i) to perfect an uninsured motorist claim. Thus, plaintiff neither filed suit against the underinsured motorist (§ 11580, subd. (i)(1)) nor entered into an agreement with State Farm over the amount due under the policy (§ 11580.2, subd. (i)(2)). It is undisputed plaintiff's written demand to arbitrate was not made within one year of the accident. Thus, the sole issue on appeal is whether

---

[1] The policy itself is not included in the record. The provision regarding arbitration is taken from the memorandum of State Farm in opposition to plaintiff's petition to compel arbitration below. The parties do not dispute this language is applicable to this controversy.

[2] It is undisputed this limit, $25,000, was less than the uninsured motorist limits carried by plaintiff, thereby making the tortfeasor an underinsured motorist.

plaintiff's failure to request arbitration within the statutory period is fatal to his claim.

Plaintiff contends section 11580.2, subdivision (i) (and perforce the policy language derived from it) is inapplicable to *under*insured motorist claims as it conflicts with section 11580.2, subdivision (p). By its express terms, subdivision (p) applies exclusively to *under*insured motorist claims and its provisions prevail in the event of a conflict with subdivisions (a) through (o) of section 11580.2.[3] Subdivision (p)(3) reads: "This coverage does not apply to any bodily injury until the limits of bodily injury liability policies applicable to all insured motor vehicles causing the injury have been exhausted by payment of judgments or settlements, and proof of the payment is submitted to the insurer providing the underinsured motorist coverage." Plaintiff contends application of a one-year statute of limitations conflicts with subdivision (p)(3)'s requirement that all other insurance coverage be exhausted, which may not occur within a year.

Plaintiff relies primarily on *Hartford Fire Ins. Co.* v. *Macri* (1992) 4 Cal.4th 318 [14 Cal.Rptr.2d 813, 842 P.2d 112], in which the Supreme Court held section 11580.2, subdivision (c)(3) conflicts with section 11580.2, subdivision (p). Under subdivision (c)(3), an insured who, without the consent of the insurer, settles with or prosecutes to judgment an action against an uninsured motorist or another who may be liable forfeits the right to seek uninsured motorist benefits. As the court explained, one purpose of subdivision (c)(3) is to protect the insurer's right of subrogation against the tortfeasor. Any judgment against or settlement with the tortfeasor necessarily extinguishes the insurer's subrogation rights. Therefore the insurer must be permitted to control such activities. This right of subrogation does not exist in the *under*insured motorist context, the court explained, because the insurer is entitled instead to a credit or reimbursement for all amounts received from other sources. (4 Cal.4th at pp. 324-325.)

The court further reasoned application of section 11580.2, subdivision (c)(3) in the underinsured motorist context would allow the insurer to control whether an underinsured motorist claim ever accrued. The court explained: "The effect of section 11580.2(p)(3) is to require (and therefore by implication to authorize) the insured to prosecute actions against the underinsured, to obtain a settlement and/or judgment and to submit proof of payment to the insurer. If the insured fails to follow the mandate of section 11580.2 (p)(3),

---

[3]Subdivision (p) begins: "This subdivision applies only when bodily injury, as defined in subdivision (b), is caused by an underinsured motor vehicle. If the provisions of this subdivision conflict with subdivisions (a) through (o), the provisions of this subdivision shall prevail."

there is no underinsured motorist coverage available. Thus, if the consent requirement is deemed to apply to underinsured coverage, the insurer is given complete control over a prerequisite to that coverage—the prosecution and settlement of the action against the underinsured motorist. Allowing the insurer a power to thwart coverage at a threshold level by preventing fulfillment of a policy requirement would defeat the manifest intent of the statute to provide mandatory coverage where an insured suffers bodily injuries from an underinsured motorist." (4 Cal.4th at p. 327.)

Unlike *Hartford Fire Ins. Co. v. Macri*, the instant matter does not present a direct conflict between subdivision (p) and the other provisions of section 11580.2. Although subdivision (p)(3) bars underinsured motorist coverage *until* settlement or judgment and payment from all other insurance policies, it does not preclude perfection of an underinsured motorist claim. Personal injury actions in this state must be filed within one year of injury. (Code Civ. Proc., § 340, subd. (3).) Consequently, within one year of an accident the insured must either settle any claims against the tortfeasor and his insurers or file suit against them, the latter being sufficient in itself to protect the insured's right to underinsured benefits. (§ 11580.2, subd. (i)(1).)

The insured is also not prohibited from requesting arbitration or entering into settlement negotiations with the insurer before resolution of claims against others. Any settlement or arbitration recovery against the insurer necessarily would be subject to the insurer's right of reimbursement or credit for amounts received from the tortfeasor or other insurers. (§ 11580.2, subd. (p)(5).)

We are aware of no decision in this state directly addressing the issue presented here. However, *Firemen's Ins. Co. v. Diskin* (1967) 255 Cal.App.2d 502 [63 Cal.Rptr. 177] is instructive. There the insured, covered by an uninsured motorist provision, was injured in another state with a four-year statute of limitations for personal injury actions. More than a year after the accident the tortfeasor's insurer became insolvent, thereby rendering the tortfeasor an uninsured motorist. The insured instituted arbitration proceedings and the insurer brought a declaratory relief action. The trial court granted an injunction against the arbitration and the court of appeal affirmed.

Applying a strict interpretation of section 11580.2, subdivision (i) (then subdivision (h)), the court reasoned: "Clearly, the statute is an adjunct to the right to recover damages for personal injuries, actions which must normally be filed in California within one year of the date of the accident. (Code Civ. Proc., § 340.) Were we to extend beyond one year the financial responsibility of a person who may be derivatively liable for a fault of another

we would create a supplemental liability of greater duration than the original liability, thereby holding the person secondarily responsible to a longer period of accountability than the person primarily responsible." (255 Cal.App.2d at p. 509.)

Rejecting the insured's argument he could not have initiated arbitration proceedings until the tortfeasor's insurer became insolvent, the court indicated: "In the case at bench the opportunity to satisfy the requirement of the statute was open to appellants. While the [insureds] could not have instituted arbitration proceedings against their own insurer before the insolvency of [the tortfeasor's insurer], they could have fully protected their contingency claim against their own insurer by filing suit against the motorist at fault any time up to [one year after the accident]. Since they failed to do so, their rights under the statute against their own insurer expired. Subsequent events . . . could not operate retroactively to bring to life a claim which they had never taken steps to protect." (255 Cal.App.2d at p. 510.)

Although applying different statutory and policy language, a number of decisions from other jurisdictions are also instructive. In *McGlinchey* v. *Aetna Cas. and Sur. Co.* (1992) 224 Conn. 133 [617 A.2d 445] the Connecticut Supreme Court upheld application in an underinsured motorist context of a policy provision requiring a demand for arbitration within two years of the accident. Even though claims against the tortfeasor had not been resolved within the statutory period, the court indicated the two-year limit did not present an "insuperable burden" because the insured was free to demand arbitration while pursuing his claim against the tortfeasor. (617 A.2d at p. 449, fn. 7.)

In *Shelton* v. *Country Mutual Ins. Co.* (1987) 161 Ill.App.3d 652 [113 Ill.Dec. 426, 515 N.E.2d 235] the insured was injured by an underinsured motorist and resolved all other claims eight and one-half months before expiration of the limitations period. The insurer received notice of representation by counsel but nothing further. In addition to requiring suit for underinsured motorist benefits within two years of the accident, the policy contained a provision that the insurer "will pay only after all liability bonds or policies have been exhausted by judgments or payments." (515 N.E.2d at pp. 236-237.) The court upheld the two-year limitation because the exhaustion provision did not preclude *filing* suit within the statutory period, only *payment* by the insurer. (Cf. *Butler* v. *Economy Fire and Casualty Co.* (1990) 199 Ill.App.3d 1015 [146 Ill.Dec. 94, 557 N.E.2d 1281] [statutory period for filing underinsured motorist action tolled during period insured pursued other claims because policy required action to be brought within two years of *occurrence of the loss*, which the court construed to mean when the insured discovers other coverage will be insufficient].)

Although the Ohio Supreme Court has consistently permitted a contractual reduction in the statute of limitations for bringing uninsured motorist claims (see *Colvin* v. *Globe American Cas. Co.* (1982) 69 Ohio St.2d 293 [23 Ohio Op.3d 281, 432 N.E.2d 167, 170]; *Duriak* v. *Globe American Cas. Co.* (1986) 28 Ohio St.3d 70 [502 N.E.2d 620, 622]), the Ohio Court of Appeals has recently held otherwise in the context of an underinsured motorist claim. (See, e.g., *Lapata* v. *Progressive Cas. Ins. Co.* (1992) 79 Ohio App.3d 65 [606 N.E.2d 1015]; *Worley* v. *Ohio Mut. Ins. Assoc.* (1991) 76 Ohio App.3d 531 [602 N.E.2d 416].)

In each of these cases, the contract in question required a claim to be filed within one year, whereas the statutory period for bringing a personal injury action in Ohio is two years. (Ohio Rev. Code Ann. § 2305.10.) In finding the one-year limitation unreasonable in the context of an underinsured motorist claim, the Court of Appeals in *Lapata* v. *Progressive Cas. Ins. Co.*, explained: " 'The purpose of uninsured motorists coverage and of [the Ohio uninsured motorist statute] is to put the insured in the same position he would have had if the tortfeasor carried liability insurance.' [¶] Diminishing the time an insured has under the law places an insured in a substantially different position than he would have been had the tortfeasor carried the required insurance coverage." (606 N.E.2d at p. 1019 (conc. opn. of Resnick, J.).)

Unlike Ohio, California provides a one-year limitation period for bringing an action for personal injury. It is therefore not unreasonable to require an insured to perfect his underinsured claim within one year. Thus, neither conceptually nor under the facts of this case is there a conflict between section 11580.2, subdivision (i) and section 11580.2, subdivision (p). By December 1991, within four months of the accident, plaintiff had reached a settlement with the underinsured motorist, received payment and notified State Farm. Negotiations with State Farm over underinsured motorist benefits occurred during December and January but were unsuccessful. Plaintiff had seven months thereafter, and four months after receipt of State Farm's letter advising him of the applicability of section 11580.2, subdivision (i), to demand arbitration. The only further communication from plaintiff was counsel's notice of representation. A demand for arbitration did not come until November 1992, too late to protect plaintiff's interests.

## IV

Plaintiff contends State Farm is estopped to raise section 11580.2, subdivision (i) as a bar to his claim because State Farm failed to notify plaintiff his prior conduct and communications were insufficient to protect

his rights. He argues: "Based on the insurance policy language, on STATE FARM's acknowledgment of his underinsured motorist claim, and on the letter from ARRASMITH's attorney advising STATE FARM of his representation with regard to that claim, Mr. ARRASMITH and his counsel had every reason to believe that they had complied with all requirements under the policy prior to the one year anniversary of the underlying accident. STATE FARM never indicated to the contrary, and thereby waived its right to do so." This argument is utterly without merit.

The policy language provided for arbitration "upon written request of the *insured.*" Because this provision contains no time limitation, plaintiff argues the one-year limitation of section 11580.2, subdivision (i) is inapplicable. We disagree. It is precisely because the policy contains no overriding time provision that section 11580.2, subdivision (i) is controlling. Had the parties intended to provide plaintiff greater time they could have so provided.

Although neither section 11580.2 nor the policy specifies what type of notice is required, at the very least the insured must make a *written demand to arbitrate.* (See *Mayflower Ins. Co. v. Pellegrino* (1989) 212 Cal.App.3d 1326, 1337 [261 Cal.Rptr. 224].) Plaintiff made no such demand until more than a year after the accident.

State Farm was under no obligation to inform plaintiff whether his conduct or correspondence was sufficient to trigger his right to arbitrate. The only notification required by section 11580.2 is that of alerting an unrepresented insured of the statute of limitations applicable to his claim. Such notice must be given at least 30 days before expiration of the statutory period. (§ 11580.2, subd. (k).) State Farm gave the required notice and, hence, we assume plaintiff was aware of the need to act.

Having failed to demand arbitration or otherwise comply with section 11580.2, subdivision (i) within the statutory one-year period, plaintiff's underinsured motorist claim is barred. Accordingly, plaintiff's petition to compel arbitration was properly denied.

The judgment (order) is affirmed.

Sparks, J., and Sims, J., concurred.

A petition for a rehearing was denied May 4, 1994, and appellant's petition for review by the Supreme Court was denied June 30, 1994. Mosk, J., was of the opinion that the petition should be granted.