OPINION
{¶ 1} Plaintiff, Laura Knox, appeals a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant, Travelers Insurance Company, on plaintiff's claim for underinsured motorist ("UIM") coverage. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On December 15, 1995, plaintiff, a pedestrian, was struck by a motor vehicle negligently operated by Christie Romero. As a result of the accident, plaintiff sustained serious physical injuries, and her medical expenses exceeded $24,000. On December 11, 1997, plaintiff filed a lawsuit against Romero and Rodney Wise, the owner of the vehicle Romero was driving, seeking compensation for injuries sustained in the accident. On March 30, 1999, plaintiff settled her claims against Romero and Wise for $12,500, the policy limits of Romero's insurance policy, in exchange for a full and final release of all claims she had against them.
 {¶ 3} At the time of the accident, plaintiff was employed by Kuss Corporation ("Kuss"), a subsidiary of Cummins Engine Company, Inc. Kuss was the named insured under a business automobile policy issued by defendant. The parties do not dispute that this policy was in effect at the time of the accident. In mid-year 2000, plaintiff asserted a claim for UIM coverage under the policy. Prior to plaintiff's filing of the UIM claim, defendant had not been notified of either the lawsuit against, or settlement with, the tortfeasors. Defendant denied coverage. Thereafter, on December 22, 2000, plaintiff filed an action against defendant alleging that she was entitled to UIM coverage under the policy. Defendant timely answered plaintiff's complaint.
 {¶ 4} On October 2, 2001, defendant filed a motion for summary judgment. On October 17, 2001, plaintiff moved, pursuant to Civ.R. 56(F), for an extension of time to respond to defendant's summary judgment motion. On November 21, 2001, the trial court filed a decision denying plaintiff's Civ.R. 56(F) motion and granting defendant's motion for summary judgment. The trial court journalized an entry on December 10, 2001. Plaintiff appeals the trial court's judgment, asserting the following three assignments of error:
 {¶ 5} "I. The trial court erred to the prejudice of plaintiff-appellant in sustaining defendant-appellee's motion for summary judgment on the grounds that plaintiff-appellant was not entitled to UM/UIM coverage under the commercial automobile policy issued by Travelers because she was not an insured under the policy.
 {¶ 6} "II. The trial court erred to the prejudice of plaintiff-appellant in sustaining defendant-appellee's motion for summary judgment on the grounds that by settling with the tortfeasor's insurance company and signing a release, plaintiff-appellant destroyed the purported subrogation rights of defendant-appellee, thereby eliminating the coverage applicable to her claim under the policy issued by defendant-appellee.
 {¶ 7} "III. The trial court erred to the prejudice of plaintiff-appellant in determining that the release she signed in favor of the tortfeasor and his insurer also released any claim plaintiff-appellant may have subsequently had under the Scott-Pontzer [v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660] decision."
 {¶ 8} As plaintiff's assignments of error are interrelated, we address them jointly.
 {¶ 9} Civ.R. 56(C) provides, in relevant part, as follows:
 {¶ 10} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 11} Thus, summary judgment is appropriate only when the evidence demonstrates that: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 12} In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting summary judgment set forth in Civ.R. 56, as well as the applicable law. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.[1]
 {¶ 13} The trial court determined that defendant was not obligated to provide UIM coverage because plaintiff failed to timely notify defendant of her UIM claim under the notice conditions contained in the policy, thereby prejudicing defendant's subrogation rights. Section IV of the Business Auto Coverage Form, entitled "Business Auto Conditions," provides in part:
 {¶ 14} "The following conditions apply in addition to the Common Policy Conditions:
 {¶ 15} "A. LOSS CONDITIONS
 {¶ 16} "* * *
 {¶ 17} "2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS
 {¶ 18} "a. In the event of `accident,' [']claim['], `suit' or `loss,' you must give us or our authorized representative prompt notice of the `accident' or `loss.' * * *"
 {¶ 19} Section IV also contains the following subrogation clause:
 {¶ 20} "5. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US
 {¶ 21} "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after `accident,' or `loss' to impair them."
 {¶ 22} As an initial matter, we note that the parties do not dispute that the version of R.C. 3937.18 applicable to the instant case required an insurer who issued an automobile or motor vehicle liability policy of insurance to also offer uninsured ("UM") or UIM coverage to the policyholder. If the insurer failed to make such an offer, or the policyholder did not expressly reject the offer, a duty to provide UM/UIM coverage would be imposed on the insurer by operation of law. Schumacher v. Kreiner (2000), 88 Ohio St.3d 358. For purposes of this appeal, we will assume arguendo that UIM coverage arose by operation of law pursuant to former R.C. 3937.18 and that plaintiff qualified as an insured under the policy.
 {¶ 23} Plaintiff contends that notice and subrogation provisions found within the general conditions of an insurance policy are not applicable to UIM coverage arising by operation of law. This issue has recently been addressed by this court in Heiney v. The Hartford, Franklin App. No. 01AP-1100, 2002-Ohio-3718. Therein, the plaintiff sustained injuries in an automobile accident on May 16, 1998. On May 4, 1999, the plaintiff settled with the tortfeasors' insurance company and released all claims. On May 18, 2000, the plaintiff notified his employer's insurance carrier of the accident and that he was seeking UIM coverage under the employer's business automobile policy. It was undisputed that the employer's insurance carrier did not offer UIM coverage in Ohio; accordingly, UIM coverage arose by operation of law. The insurance carrier claimed that the plaintiff was not entitled to UIM coverage under the policy because the plaintiff failed to comply with the policy's notice provisions. The trial court granted summary judgment in favor of the insurance carrier, and the plaintiff appealed.
 {¶ 24} This court found that the notice and subrogation provisions contained in the general "Conditions" section of the policy applied to UIM coverage despite the fact that UIM coverage arose by operation of law. Specifically, this court determined that such notice provisions created a condition precedent, with which failure to comply precluded recovery of UIM coverage. Id. at ¶ 3. We further determined that subrogation provisions were valid and enforceable preconditions to the insurance carrier's duty to provide UIM coverage. Id. In so finding, this court distinguished Demetry v. Kim (1991), 72 Ohio App.3d 692, and Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, both of which held that exclusionary provisions intended by the parties to apply solely to liability coverage did not apply to UIM coverage arising by operation of law. In Heiney, this court explained:
 {¶ 25} "In this case, unlike in Demetry and Scott-Pontzer, the issue is whether a condition precedent, not a liability exclusion, is applicable to underinsured motorist coverage implied by law. This is an important distinction. Logically, parties to an insurance policy can never negotiate exclusions to underinsured motorist coverage that they never envisioned would exist. However, the parties to an insurance policy can negotiate conditions precedent that would apply to any and all coverages provided under the policy." Id., at ¶ 32. (Emphasis sic.)
 {¶ 26} We further noted that the broad application of conditions precedent to all coverages provided under an insurance policy, including coverages implied by operation of law, was demonstrated by Duriak v. Globe American Cas. Co. (1986), 28 Ohio St.3d 70. In that case, the insured was covered under two policies of insurance — a primary policy, which provided UM coverage, and an excess policy, which did not include UM coverage. The primary policy expressly required all actions against the insurance carrier to be commenced within one year. The excess policy conditioned coverage under that policy upon compliance with the primary policy. The insured did not commence her action for UM coverage against the primary insurer within the one-year period required by the primary policy. Although UM coverage was read into the excess policy by operation of law, the insured was precluded from recovering under the excess policy because the insured failed to satisfy the general condition precedent of that policy, i.e., compliance with the terms of the primary policy. Id. at 72.
 {¶ 27} In Heiney, supra, we recognized that we distinguished the holding of Duriak in Demetry. However, we found Duriak directly applicable because it addressed the application of a condition precedent, not an exclusion, to motorist insurance implied by law. Id. at ¶ 34. Following the reasoning of Duriak, we concluded that if an insurance policy specifies general conditions precedent that must be satisfied before an insured is entitled to any coverage, an insured's failure to comply with those conditions precedent precludes recovery under UM or UIM coverage arising by operation of law. We noted that since Duriak, the majority of Ohio courts addressing whether the application of a general condition precedent to insurance coverage implied by law have followed the foregoing rule. See, e.g., Green v. Cincinnati Ins. Co. (Dec. 7, 2001), Huron App. No. H-01-018; Luckenbill v. Midwestern Indemn. Co. (2001), 143 Ohio App.3d 501, 509; Ohio State Grange Mutual Ins. Co. v. Shimandle (Nov. 16, 1994), Lake App. No. 94-L-032.
 {¶ 28} Thus, following the precedent of Heiney, as well as that of the aforementioned cases from other appellate districts, we find that the general notice provision in the insurance policy at issue applies to UIM coverage arising by operation of law. Having so found, we must now consider whether plaintiff complied with the notice provision. The policy required plaintiff to give defendant "prompt" notice of accident or loss. The Ohio Supreme Court determined in Ruby v. Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159, that a provision in an insurance policy requiring "prompt" notice to the insurance carrier "requires notice within a reasonable time in light of all of the surrounding facts and circumstances." Id. at 161. In Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau (2000), 88 Ohio St.3d 292, 303, the court recognized that notice provisions in insurance contracts serve many purposes, including: (1) allowing the insurer to become aware of occurrences early enough to have a meaningful opportunity to investigate; (2) providing the insurer the ability to determine whether the allegations state a claim that is covered by the policy; (3) allowing the insurer to step in and control the potential litigation, protect its own interests, maintain reserves in its accounts and pursue possible subrogation claims; and (4) allowing the insurer to make timely investigation of occurrences in order to evaluate claims and defend against fraudulent, invalid, or excessive claims. Id. at 302-303.
 {¶ 29} Generally, the issue of whether an insured has satisfied the notice provisions of an insurance policy is a question of fact for the jury. TIG Ins. Co. v. O.K. Freightways, Inc. (Dec. 21, 2000), Franklin App. No. 00AP-350. However, "an unexcused significant delay may be unreasonable as a matter of law." Ormet, supra, at 300. Unreasonable delay in notifying the insurance carrier creates a rebuttable presumption of prejudice. Heiney at ¶ 49, citing TIG, supra. Thus, if delay is unreasonable, prejudice to the insurer may be presumed absent evidence to the contrary. Ruby, supra, at 161. The burden then falls on the insured to present evidence to rebut the presumption of prejudice. Ferrando v. Auto-Owners Mut. Ins. Co. (Sept. 4, 2001), Ashtabula App. No. 2000-A-0038, appeal allowed (2002), 94 Ohio St.3d 1451.
 {¶ 30} Here, plaintiff's accident occurred on December 15, 1995. The first notice defendant received of plaintiff's intention to assert a UIM claim under the policy occurred mid-year 2000 — four and one-half years after the accident. In Auto Owners Ins. Co. v. Allen (Dec. 27, 2001), Franklin App. No. 01AP-476, this court determined that a UIM claim presented five years after the accident created a presumption of prejudice which was not rebutted by the insured. In TIG, supra, we found a three-year delay in notifying the insurance carrier unreasonable as a matter of law and that a presumption of prejudice existed in favor of the insurance carrier. In Heiney, supra, we determined that a two-year delay in notifying the insurance carrier of the accident was unreasonable. Thus, pursuant to Allen, TIG and Heiney, we find that plaintiff's four-and-one-half-year delay in providing notice was unreasonable as a matter of law.
 {¶ 31} As in Heiney, however, we need not address the resulting presumption of prejudice because plaintiff acted affirmatively to prejudice defendant. On March 30, 1999, plaintiff executed a release of any claims against the tortfeasors. Because plaintiff did not notify defendant of the settlement offer before she accepted it, she destroyed any subrogation rights defendant might have had. "* * * `[a]n insured who settles with and releases an underinsured tortfeasor before giving her insurer notice * * * is precluded from bringing an action against her insurer for underinsured motorist benefits.' [Citation omitted.] * * * [A]n insured who destroys his insurer's subrogation rights without the insurer's knowledge does so at his peril." McDonald v. Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27, 31. It is immaterial whether defendant had or ever could have had any recovery against the tortfeasors. Alatsis v. Nationwide Ins. Enterprise, Franklin App. No. 01AP-1038, 2002-Ohio-2906, at ¶ 25, appeal allowed (2002), 96 Ohio St.3d 1522. "The right of subrogation is a `full and present right in and of itself wholly independent' of any alleged lack of prejudice from the failure of an insured to protect the insurer's subrogation rights." Love v. Nationwide Mut. Ins. Co. (1995), 104 Ohio App.3d 804, 811.
 {¶ 32} Plaintiff argues, however, that she was not obligated to comply with the policy's notice requirements or to protect defendant's subrogation rights because her cause of action for UIM coverage stemming from the 1995 accident did not arise or accrue until the Ohio Supreme Court decided Scott-Pontzer, supra, on June 23, 1999, nearly three months after plaintiff settled her claim with the tortfeasors. This argument was considered and rejected in Heiney, supra. As we explained therein, nothing prior to Scott-Pontzer prevented plaintiff from investigating any insurance coverages her employer had, promptly notifying defendant of the accident, and preserving defendant's subrogation rights. Although her claim would likely have been denied, nothing prevented plaintiff from litigating the matter as did the plaintiff in Scott-Pontzer. See, also, Wodrich v. Federal Ins. Co., Greene App. No. 02CA3, 2002-Ohio-5122, at ¶ 22. As we further noted in Heiney: "[a]waiting a favorable Supreme Court decision is not a reasonable excuse for appellant's delay and failure to preserve appellee's subrogation rights." Id. at ¶ 54, citing Gidley v. Cincinnati Ins. Co. (Apr. 17, 2002), Summit App. No. 20813. Accordingly, we find no merit to plaintiff's assertion that she could not have presented a claim for UIM coverage prior to the Scott-Pontzer decision.
 {¶ 33} For the foregoing reasons, we find that plaintiff's four-and-one-half-year delay in notifying defendant of her claim was unreasonable under the facts and circumstances of this case. Her failure to give reasonable notice of her claim breached a condition precedent in the insurance policy. Further, because plaintiff executed the release with the tortfeasors prior to informing defendant of the accident, plaintiff materially prejudiced defendant's subrogation rights. Accordingly, we conclude that defendant was not required to provide UIM coverage to plaintiff. Thus, plaintiff's three assignments of error are not well-taken.
 {¶ 34} Although defendant did not file a notice of appeal, defendant has set forth the following cross-assignment of error in its brief to this court:
 {¶ 35} "The trial court erred by holding that the Ohio Supreme Court decision in Linko v. Indemnity Ins. Co. of North America (2000),90 Ohio St.3d 445, applies retroactively."
 {¶ 36} Although a party who has not filed a notice of appeal may raise cross-assignments of error pursuant to R.C. 2505.22,[2] the cross-assignments of error may only be used to prevent the reversal of the judgment under review. Duracote Corp. v. Goodyear Tire Rubber Co. (1983), 2 Ohio St.3d 160, 163. Since defendant failed to file a notice of appeal and the judgment of the trial court is to be affirmed, it is not necessary to consider defendant's cross-assignment of error. Accordingly, defendant's cross-assignment of error is moot.
 {¶ 37} For the foregoing reasons, plaintiff's three assignments of error are overruled, defendant's cross-assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and KLATT, J., concur.
[1] We note that none of the documents attached to defendant's motion for summary judgment are in the proper form to be considered in a summary judgment proceeding. The affidavit of Robert Gibbons appears to be a faxed copy of a purported affidavit by Gibbons. There is nothing in the record to certify that the Gibbons affidavit is a true and accurate copy of the original. Further, the copies of the insurance policy, plaintiff's complaint against the tortfeasors, and plaintiff's settlement agreement with the tortfeasors are not properly authenticated as required by Civ.R. 56(E). Civ.R. 56(C) places strict limitations upon the type of documentary evidence that a party may use in support of or in opposition to summary judgment. Documents that do not fall within one of the categories of evidence listed in Civ.R. 56(C) may be introduced as proper evidentiary material only when incorporated by reference into a properly framed affidavit pursuant to Civ.R. 56(E). Biskupich v. Westbay Manor Nursing Home (1985), 33 Ohio App.3d 220, 222. See, e.g., State ex rel. Corrigan v. Seminatore (1981), 66 Ohio St.2d 459, 467. ("The requirement of Civ.R. 56[E] that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions.") However, plaintiff raised no objection in the trial court to any of the summary judgment materials; therefore, the court in its discretion could choose to consider them. Lytle v. Columbus (1990), 70 Ohio App.3d 99, 104; Robinson v. Kroger Co. (Aug. 10, 2000), Franklin App. No. 00AP-100.
[2] R.C. 2505.22 provides, in part: "In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part."