[No. C047317. Third Dist. May 10, 2005.]

LEE ALLAN BULLARD et al., Plaintiffs and Appellants, v. CALIFORNIA STATE AUTOMOBILE ASSOCIATION, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and IV.

Counsel

Law Office of Halkides, Morgan & Kelley, Arthur L. Morgan and Paul C. Meidus for Plaintiffs and Appellants.

Law Office of Maire & Beasley, Wayne H. Maire and Tamara L. Wood for Defendant and Respondent.

Opinion

**CANTIL-SAKAUYE, J.**—On June 16, 2002, plaintiffs Lee Allan and Nina Bullard (the Bullards) were injured in a rear-end collision. The driver of the pickup truck that struck their car was uninsured. The trial court denied the Bullards' petition to compel defendant California State Automobile Association (CSAA) to arbitrate the claim under the Bullards' uninsured motorist

policy, concluding, among other things, that the petition was untimely under the provisions of Insurance Code section 11580.2 applicable at the time.[1]

On appeal, the Bullards argue they are entitled to reversal because: (1) the 2003 amendment to section 11580.2, subdivision (i), effective January 1, 2004, applies retroactively; (2) the 2003 amendment to Code of Civil Procedure section 335.1 extended the limitations period in former section 11580.2, subdivision (i) from one year to two years by implication; (3) the court erred in finding there was no factual basis for estoppel; and (4) the trial court abused its discretion under Code of Civil Procedure section 473 in permitting CSAA to file its opposition to the Bullards' petition to compel arbitration after the statutory deadline. We shall affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The Bullards were injured on June 16, 2002, when a pickup truck driven by Michael Hall (Hall) struck their Lincoln sedan from behind. The Bullards were insured under an automobile liability policy issued by CSAA which included uninsured motorist coverage.

The relevant provision of the Bullards' insurance policy appears under the heading "Arbitration":

"If an insured person makes a claim under this Part and we do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to such insured person, or, if so entitled, do not agree as to the amount, then either party, on written demand of the other, shall . . . institute arbitration proceedings as provided in Section 11580.2 and the following sections of the Insurance Code of the State of California. . . ."

After discovering that Hall was uninsured, the Bullards notified CSAA by letter dated February 10, 2003, that they intended to pursue an uninsured motorist claim. The letter did not mention arbitration. CSAA assigned the claim to Sue Lowry.

Lowry contacted the office of the Bullards' attorneys several times between April and June 2003. On April 23, 2003, Lowry spoke with paralegal Michaela Fossum. In part of that conversation, Lowry informed Fossum that the two-year statute of limitations did not apply. In response, Fossum

---

[1] Undesignated statutory references are to the Insurance Code.

indicated that the law office had already submitted an arbitration demand. Fossum stated in her declaration that "Lowry remained silent" and ended the telephone conversation.

Lowry had a different recollection of this conversation. She did not dispute that the conversation took place, but did not recall that Fossum told her the law office had already sent a written demand for arbitration. Had the Bullards made such a demand, Lowry would have forwarded the file to the litigation department in accordance with CSAA policy.

In June 2003, Lowry received a demand for settlement from the Bullards and spoke with Fossum. On June 18, 2003, Lowry contacted the Bullards' attorney, Arthur Morgan, in connection with their settlement demand. She asked him if the Bullards had filed suit against Hall. Morgan indicated that no lawsuit had been filed. He told Lowry he believed that the statute of limitations was two years from the date of the accident. Lowry responded that the statute of limitations was one year for first party claims. Morgan stated that the Bullards had demanded arbitration by letter in February 2003.

Lowry reviewed the letter dated February 10, 2003, and found no demand for arbitration. She contacted Morgan and informed him that the letter was insufficient to preserve the Bullards' right to arbitration under the policy.

On June 19, 2003, (one year and three days after the collision) the Bullards filed their personal injury action against Hall, the driver of the pickup, and John Luntey, its owner.

On September 9, 2003, CSAA denied the Bullards' uninsured motorist claim on the ground that the Bullards had failed to preserve their right to arbitrate the first party claim under the automobile liability insurance policy and section 11580.2. The Bullards responded that the Governor had just signed legislation extending the statute of limitations for uninsured motorist claims to two years, effective January 1, 2004. CSAA maintained that the change in law was not retroactive.

The Bullards filed their petition to compel arbitration on March 5, 2004. The trial court granted CSAA's motion for relief under Code of Civil Procedure section 473 to file their opposition to the petition to compel arbitration, after the filing deadline had passed. Following oral argument on April 12, 2004, which was not reported, the trial court denied the Bullards' petition. The court found that: (1) the amendment to section 11580.2 was not retroactive; (2) the February 2003 correspondence was "insufficient to lead a

reasonable person to conclude that arbitration was being demanded"; (3) the Bullards therefore failed to comply with the terms of section 11580.2, subdivision (1)(C); (4) section 11580.23 did not alter the requirement that the Bullards preserve their rights under the provisions of section 11580.2; and (5) there was no factual basis for estoppel. We shall affirm the order.

## DISCUSSION

## I

### The 2003 Amendment to Section 11580.2 Is Not Retroactive

The Bullards argue that the trial court misread the Legislature's intent when it ruled that the 2003 amendment to section 11580.2, subdivision (i), that changed the limitations period from one to two years, was not retroactive.

In 2003, section 11580.2, subdivision (i) read in relevant part:

"(1) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless one of the following actions have been taken within one year from the date of the accident:

"(A) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction.

"(B) Agreement as to the amount due under the policy has been concluded.

"(C) The insured has formally instituted arbitration proceedings by notifying the insurer in writing sent by certified mail, return receipt requested. Notice shall be sent to the insurer or to the agent for process designated by the insurer filed with the department." (See Historical and Statutory Notes, 43 West's Ann. Ins. Code (2005 supp.) foll. § 11580.2, p. 160.)

The Legislature amended section 11580.2, subdivision (i) in 2003, changing the limitations period from one to two years. (Stats. 2003, ch. 56, § 1.) The Governor approved the bill on July 14, 2003, and it became effective on January 1, 2004. (*Ibid.*; Cal. Const., art. IV, § 8, subd. (c), par. (1).)

■ "[T]he objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.]" (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) A statute is retrospective or retroactive, if it affects " 'rights, obligations, acts, transactions and conditions which are performed or exist prior to the adoption of the statute.' [Citations.]" (*Aetna Cas. & Surety Co. v. Ind. Acc. Com.* (1947) 30 Cal.2d 388, 391 [182 P.2d 159]; Garner, Dict. of Modern Legal Usage (2d ed. 1995) p. 768 [the terms are used synonymously].) Retroactivity of a statute is a question of law subject to our de novo review. (*People v. American Contractors Indemnity Co.* (1999) 76 Cal.App.4th 1408, 1413 [91 Cal.Rptr.2d 301].) We conclude that the plain language of the statute—which does not expressly provide for retroactive application—demonstrates the Legislature's intent with regard to the 2003 amendment to section 11580.2, subdivision (i).

There is no dispute that the Bullards failed to file suit against Hall, reach agreement as to the amount due with CSAA or demand arbitration within one year of the June 16, 2002, accident.

■ "A basic canon of statutory interpretation is that statutes do not operate retrospectively unless the Legislature plainly intended them to do so. [Citations.]" (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243 [62 Cal.Rptr.2d 243, 933 P.2d 507].) The presumption against retroactive application is grounded in principles of due process and proscriptions against ex post facto laws. (*Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 841 [123 Cal.Rptr.2d 40, 50 P.3d 751].) Thus, "a statute may be applied retroactively only if it contains express language of retroactivity *or* if it contains other sources provide a clear and unavoidable implication that the Legislature intended retroactive application. [Citation.]" (*Id.* at p. 844.) The Legislature is well acquainted with these principles and uses clear language when it intends a statute to operate retroactively. (*Balen v. Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 828 [114 Cal.Rptr. 589, 523 P.2d 629].)

■ The same legal principles apply to statutory amendments that enlarge limitations periods. "[U]nless the statute expressly provides to the contrary any such enlargement applies [only] to matters pending but not already barred." (*Douglas Aircraft Co. v. Cranston* (1962) 58 Cal.2d 462, 465 [24 Cal.Rptr. 851, 374 P.2d 819]; see *Krupnick v. Duke Energy Morro Bay* (2004) 115 Cal.App.4th 1026, 1029 [9 Cal.Rptr.3d 767] (*Krupnick*).) The rear-end collision occurred on June 16, 2002. The Bullards took no action to preserve their uninsured motorist claim before the one-year limitations period expired on June 16, 2003. The Governor signed Senate Bill No. 333, amending

section 11580.2, on July 14, 2003, to become effective January 1, 2004. (Stats. 2003, ch. 56, § 1.) There is nothing in the language of section 11580.2, subdivision (i) to indicate the Legislature intended the two-year limitations period apply retroactively to include claims already time-barred.

Citing *Mannheim v. Superior Court* (1970) 3 Cal.3d 678, 686 [91 Cal.Rptr. 585, 478 P.2d 17], the Bullards contend that the presumption against retroactivity is subordinate to the more fundamental rule that a statute must be interpreted to effectuate the intent of the Legislature. They argue that the amendment to section 11580.2, subdivision (i) is subject to multiple interpretations precisely because the Legislature failed to indicate it intended retroactive application.

The Bullards are correct that in the absence of an express declaration of legislative intent regarding retroactive application, courts may consider other factors including the context of the legislation, its objective, public policy and the evils to be remedied. (*Santangelo v. Allstate Ins. Co.* (1998) 65 Cal.App.4th 804, 814 [76 Cal.Rptr.2d 735].) However, these factors are of no assistance here.

To demonstrate context, the Bullards cite the legislative history of Senate Bill No. 333 (the amendment to 11580.2)—specifically, the proceedings before the Senate Judiciary Committee on April 22, 2003. The staff analysis cited the sponsor's description of the need for the bill. First, it was "needed to conform the statute of limitations for filing an [uninsured motorist] claim to the new two-year period enacted last year by SB 688 [the amendment to Code of Civil Procedure 335.1], which became effective January 1, 2003. Under that law, a person injured by the negligence of another, such as a driver injured by another driver's negligence, has two years to file a court claim against that negligent driver." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 333 (2003–2004 Reg. Sess.) Apr. 22, 2003, p. 2.) The bill sponsor of Senate Bill No. 333 emphasized that the inconsistency between the statutes of limitation could " 'lead to serious problems. If an insured driver at the time of the incident believes that the other driver is insured, she has no reason to make a claim against her own uninsured motorist policy. If the insured person is unable to resolve the claim against the negligent driver, she must file a lawsuit within two years. If the lawsuit is filed two years after [*sic*] the accident and the injured person learns in fact that the negligent driver was uninsured, it is too late to make a claim against her own policy, rendering the uninsured motorist coverage illusory.' " (*Ibid.*) The Bullards note that Senate Bill

No. 333 was introduced in the Legislature, less than two months after the effective date of Code of Civil Procedure section 335.1. (Sen. Bill No. 333, approved by Governor, July 14, 2003, Sen. Final Hist. (2003–2004 Reg. Sess.) p. 1.)

Even if we were to agree that the amendment to section 11580.2, subdivision (i) was ambiguous on the question of retroactivity, the legislative history cited by the Bullards does not support their argument. It is clear the Legislature was aware of the context of the legislation, the need to conform section 11580.2 to Code of Civil Procedure section 335.1 and the evils it sought to remedy. And although empowered to do so, the Legislature did not adopt the amendment as urgency legislation. (See Cal. Const., art. IV, § 8, subd. (c), par. (3).) Nor did the Legislature expressly state that the amendment was retroactive when it had ample opportunity to do so. Under these circumstances a strong inference is that the Legislature did not intend the amendment to section 11580.2 to operate retroactively.

Based on our review of the statutory language and legislative context, we conclude the trial court did not err in ruling that section 11580.2, subdivision (i) was not retroactive.

## II

### Code of Civil Procedure Section 335.1 Did Not Amend Section 11580.2 by Implication

The Legislature adopted Senate Bill No. 688 in 2002. The bill amended Code of Civil Procedure section 340 to delete former subdivision (3) and enact a new Code of Civil Procedure section 335.1. The new statute changed the statute of limitations for assault, battery, and personal injury or death by wrongful act or neglect from one year to two years, effective January 1, 2003.[2] (Stats. 2002, ch. 448, §§ 2 & 3; *Krupnick, supra,* 115 Cal.App.4th at p. 1028.) The Bullards contend that all statutes that were "dependent upon the personal injury statute of limitations for their purpose," specifically section 11580.2, subdivision (i), "would *implicitly* be changed" to two years. There is no merit in this contention.

---

[2] Code of Civil Procedure section 335.1 reads: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

Citing *Arrasmith v. State Farm Ins. Co.* (1994) 24 Cal.App.4th 12, 18–20 [29 Cal.Rptr.2d 53], disapproved on another ground in *Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1064–1067 [48 Cal.Rptr.2d 1, 906 P.2d 1057], the Bullards note that this court described former section 11580.2, subdivision (i) as "an adjunct" to the right to recover damages for personal injuries under former Code of Civil Procedure section 340, and strictly interpreted former section 11580.2, subdivision (h) to provide the same one-year limitations period as Code of Civil Procedure section 340. The Bullards argue that when the Legislature amended Code of Civil Procedure section 335.1 to enlarge the limitations period to two years, the Legislature was "presumed to know that statutes held to be an adjunct to the personal injury statute would be affected in order to carry out the purpose of the dependent statute." They emphasize that the purpose of the "dependent" statute—the uninsured motorist law—is to provide protection for injury caused by uninsured motorists. (*State Farm Mut. Auto Ins. Co. v. Lykouresis* (1977) 72 Cal.App.3d 57, 61–62 [139 Cal.Rptr. 827].)

There are several difficulties with the Bullards' analysis. First, both *Arrasmith* and *State Farm Mutual* predate the January 2003 effective date of the amendment adding Code of Civil Procedure section 335.1 and do not address the impact of the new statute on former section 11580.2. A second, and related, problem is that the Bullards ignore the context of the 2002 legislation—the terrorist attacks of September 11, 2001. The uncodified portions of Senate Bill No. 688 read, in part:

"The Legislature finds and declares, as follows: [¶] . . . [¶] (b) Under current law, victims of personal injury and wrongful death are now required to file lawsuits within a year in order to meet unduly short statutes of limitations. Many such matters would be resolved without the need to resort to litigation if California's statute of limitations permitted such actions to be filed within two years, as the vast majority of other states provide for a longer time to resolve claims short of litigation.

"(c) A prime example of the inequity caused by the one-year statute of limitations is that residents of California who were victims of the terrorist actions of September 11, 2001, must prematurely choose between litigation and federal remedies . . . . Extending the statute of limitations will reduce litigation in these cases as well . . . ." (Stats. 2002, ch. 448, § 1, subds. (b) & (c).)

■ In Code of Civil Procedure 340.10,[3] the Legislature expressly provided for retroactive application of the two-year limitations period to one class of plaintiffs—the victims of the "9/11" terrorist attacks. (Stats. 2002, ch. 448, § 1, subd. (d), § 4; *Krupnick, supra,* 115 Cal.App.4th at p. 1029.) There is no indication that it intended to enlarge the class entitled to the special, retroactive protection provided in Code of Civil Procedure section 340.10. The Legislature's findings demonstrate that Senate Bill No. 688 had nothing to do with uninsured motorist coverage.

■ Third, the Bullards invite this court to legislate a statutory amendment by implication in violation of the separation of powers. Courts routinely construe statutes enacted by the Legislature in their role as interpreters of the law. (*Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1213 [70 Cal.Rptr.2d 745]; see, e.g., *Krupnick, supra,* 115 Cal.App.4th at pp. 1028–1029.) In this case, we already concluded the Legislature did not intend that the amendment to section 11580.2, subdivision (i) establishing a two-year limitations period apply retroactively from its January 2004 effective date. We may not usurp the function of the Legislature by adopting an amendment to the same statute by implication where no amendment was intended.

III, IV[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[3] Code of Civil Procedure section 340.10 provides:

"(a) For purposes of this section, 'terrorist victim' means any individual who died or was injured as a consequence of the terrorist-related aircraft crashes of September 11, 2001, including persons who were present at the World Trade Center in New York City, New York, the Pentagon in Arlington, Virginia, or at the site of the crash at Shanksville, Pennsylvania, or in the immediate aftermath of the terrorist-related aircraft crashes of September 11, 2001, including members of the flight crew and passengers on American Airlines Flight 11, American Airlines Flight 77, United Airlines Flight 175, and United Airlines Flight 93, and who suffered physical harm or death as a result of any of the crashes, as defined in Section 40101 of Title 49 of the United States Code and the related, applicable regulations, other than an individual identified by the Attorney General of the United States as a participant or conspirator in the terrorist-related aircraft crashes, or a representative or heir of such an individual.

"(b) The statute of limitations for injury or death set forth in Section 335.1 shall apply to any action brought for injury to, or for the death of, any terrorist victim described in subdivision (a) and caused by the wrongful act or neglect of another, regardless of whether that action lapsed or was otherwise barred by time under California law predating the passage of this section and Section 335.1."

[*]See footnote, *ante,* page 211.

## DISPOSITION

The order is affirmed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 27(a).)

Sims, Acting P. J., and Robie, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 17, 2005. Werdegar, J., did not participate therein.