Filed 5/25/21  P. v. Glashan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>JEFFREY WAYNE GLASHAN,<br><br>    Defendant and Appellant. | C092545<br><br>(Super. Ct. No. 20FE002348) |

Defendant Jeffrey Wayne Glashan was granted five years' probation.  He contends his probation term must be reduced to two years pursuant to newly enacted Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950).  We agree.

BACKGROUND

On July 23, 2020, defendant pleaded no contest to being in possession of ammunition by a prohibited person.  (Pen. Code, § 30305, subd. (a)(1).)[1]  The trial court granted defendant five years' probation.

---

[1]    Undesignated statutory references are to the Penal Code.

1

## DISCUSSION

Defendant challenges his five-year probation term, arguing it is no longer valid under Assembly Bill 1950 (2019-2020 Reg. Sess.), which applies because the judgment is not yet final. The People agree.

Assembly Bill 1950 was signed into law on September 30, 2020, with an effective date of January 1, 2021. (Stats. 2020, ch. 328, § 2.) As relevant to the current matter, Assembly Bill 1950 modified section 1203.1 to limit felony probation to no more than two years. (Stats. 2020, ch. 328, § 2; § 1203.1, subd. (a).) This change occurred during the pendency of this appeal.

"Retroactivity of a statute is a question of law subject to our de novo review. [Citation.]" (*Bullard v. California State Automobile Assn.* (2005) 129 Cal.App.4th 211, 217.) When a criminal statute is amended after the criminal act but before final judgment, it applies retroactively if it mitigates the applicable punishment. (*In re Estrada* (1965) 63 Cal.2d 740, 742.) " '[A] judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' " (*People v. Vieira* (2005) 35 Cal.4th 264, 306.) Probation is a form of punishment, and therefore a reduction in the allowable term for probation is a mitigation of the punishment. (See *People v. Edwards* (1976) 18 Cal.3d 796, 801; *People v. Sims* (2021) 59 Cal.App.5th 943, 958.)

Because Assembly Bill 1950 (2019-2020 Reg. Sess.) mitigates punishment and there is no savings clause, it operates retroactively. (*People v. Sims, supra*, 59 Cal.App.5th at p. 964 [Assembly Bill 1950 is an ameliorative change subject to "the *Estrada* presumption of retroactivity," without a savings clause or other clear indication of intent for it to apply only prospectively]; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885 [same]; see *People v. Burton* (2020) 58 Cal.App.5th Supp. 1, 16-17.) As defendant's appeal was pending at the time Assembly Bill 1950 went into effect, he is entitled to a reduced probation term on remand.

2

The People contend, without opposition from defendant, that the proper remedy is to remand with directions to the trial court for resentencing consistent with this opinion, noting that "[r]emanding the case to the superior court would permit the trial court to adjust the probation terms so that they can be complied with before termination of probation, and also facilitate a determination whether the probation has terminated successfully."

## DISPOSITION

The judgment is affirmed in part as to defendant's conviction and reversed in part as to defendant's sentence. The matter is remanded for resentencing consistent with this opinion.


         KRAUSE          , J.



We concur:



     RAYE          , P. J.



     HOCH          , J.