Filed 9/27/21  P. v. Mitchell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C092151 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FER-2019-0013074 , MAN-CR-FDUI-2018-0006719) |
| v. | |
| ZANTONIO SHUNTEL MITCHELL, JR., | |
| Defendant and Appellant. | |

The trial court sentenced defendant Zantonio Shuntel Mitchell, Jr., to a five-year term of probation following his conviction for possession of a loaded firearm.  Defendant argues on appeal that he is entitled to a reduced two-year term of probation under the recently enacted Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill No. 1950); he also points out that the trial court erroneously calculated his presentence credits.  The People concede both points and we agree with the parties.  We direct

1

modification of the probation order and otherwise affirm the two judgments from which defendant appeals.

BACKGROUND

In 2018, defendant pleaded no contest to driving with a blood-alcohol level of .08 percent or more and admitted a prior conviction in 2016. The trial court placed him on formal probation for five years, with service of 240 days in jail as a condition of probation. In 2020, defendant pleaded no contest to being a felon in possession of a loaded firearm. The trial court suspended imposition of defendant's sentence and placed him on informal probation for five years with conditions including 240 days in the county jail, with "7 days credit for time served." The court told defendant that "[t]he sheriff will calculate any additional good time work time credits you might become entitled to." The court also reinstated defendant's probation in the 2018 case. Defendant timely appealed the judgments.

DISCUSSION

I

*Assembly Bill No. 1950*

Defendant's claims concern only the 2020 case. He first argues his (most recent) five-year term of probation must be reduced to two years under Assembly Bill No. 1950, which he contends applies retroactively because his judgment is not yet final. The People agree, as do we.

Assembly Bill No. 1950 was signed into law on September 30, 2020, with an effective date of January 1, 2021. (Stats. 2020, ch. 328, § 2.) As relevant to this case, the bill modified Penal Code section 1203.1[1] to limit felony probation terms to no more than

---

[1] Undesignated statutory references are to the Penal Code.

2

two years.  (Stats. 2020, ch. 328, § 2; § 1203.1, subd. (a).)  This change occurred during the pendency of this appeal.

"Retroactivity of a statute is a question of law subject to our de novo review." (*Bullard v. California State Automobile Assn.* (2005) 129 Cal.App.4th 211, 217.)  When a criminal statute is amended after the criminal act but before final judgment, it applies retroactively if it mitigates the applicable punishment.  (*In re Estrada* (1965) 63 Cal.2d 740, 742.)  " '[A] judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' "  (*People v. Vieira* (2005) 35 Cal.4th 264, 306.)  Probation is a form of punishment, and therefore a reduction in the allowable term for probation is a mitigation of the punishment.  (See *People v. Edwards* (1976) 18 Cal.3d 796, 801; *People v. Sims* (2021) 59 Cal.App.5th 943, 958.)

Because Assembly Bill 1950 mitigates punishment and there is no savings clause, it operates retroactively.  (*People v. Sims, supra*, 59 Cal.App.5th at p. 964 [Assem. Bill No. 1950 is an ameliorative change subject to "the *Estrada* presumption of retroactivity," without a savings clause or other clear indication of intent for it to apply only prospectively]; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885 [same]; see *People v. Burton* (2020) 58 Cal.App.5th Supp. 1, 16-17.)  As defendant's appeal was pending when Assembly Bill No. 1950 went into effect, he is entitled to a reduced probation term.

The People contend, and defendant does not disagree, that the proper remedy is to direct the trial court to modify the probation order in the 2020 case to limit the period of probation to two years.  We agree and shall do so.

## II

### *Presentence Credits*

We next agree with the parties that the trial court erroneously failed to grant defendant six conduct credit days in addition to his seven custody credit days.

3

Section 2900.5, subdivision (a) provides that "[i]n all felony . . . convictions, . . . when the defendant has been in custody . . . all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment . . . ." Section 2900.5, subdivision (d) states in pertinent part: "It is the duty of the court imposing the sentence to determine . . . the total number of days to be credited pursuant to this section."

Under section 4019, a person confined in county jail following arrest and prior to imposition of sentence for a felony conviction is entitled to conduct credits "unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff . . . ." (§ 4019, subd. (c).) Conduct credits awarded under section 4019 accrue at a rate of two days for every two days in custody. (*People v. Chilelli* (2014) 225 Cal.App.4th 581, 587.) Under the "two days for every two days rate of accrual, there can be only an even number of presentence conduct credits. This is because conduct credits are given in two-day increments and no rounding up is permitted." (*Id.* at p. 588.)

Here, defendant was booked into county jail on September 26, 2019, and released from jail on October 2, 2019; this is seven days of actual custody time. He therefore earned six days of conduct credit. The trial court erred in directing the sheriff to calculate defendant's custody credits, as the sheriff's role with respect to presentence custody credit is limited to providing the sentencing court with information, records, and recommendations. (*People v. Duesler* (1988) 203 Cal.App.3d 273, 276.)

4

## DISPOSITION

This trial court is directed to modify the probation order in case No. CR-2019-13074 to limit the period of probation to two years and to reflect an additional six days of conduct credit, and to provide a copy of that modified order to the relevant authorities. The judgment is otherwise affirmed.

/s/
Duarte, J.

We concur:


/s/
Robie, Acting P. J.


/s/
Mauro, J.