## Cook
### v.
### Ohio Mutual Insurance Association
*[Cite as 3 AOA 334]*

*Case No. CA89-09-081*
*Clermont County, (12th)*
*Decided May 29, 1990*

KOEHLER, J.

This is an appeal from a decision by the Clermont County Court of Common Pleas granting a declaratory judgment on behalf of the insured motorist in a Clermont Country insurance case.

On February 20, 1986, plaintiff-appellee, Deborah J. Cook, was involved in an automobile accident. Fifteen months later, on May 19, 1987, Cook submitted a written notification to her insurer, defendant-appellant, United Ohio Insurance Company, indicating that the other driver was probably underinsured.[1] Cook's policy with United Ohio contained a provision which covered her in the event that she sustained in a collision involving an underinsured motorist.[2]

Upon receiving Cook's notification, however, United Ohio refuse to provide coverage on the ground that Cook had not advised them of her need for underinsured coverage before the expiration of the one-year time limitation set forth in the policy.

Cook consequently sought a declatory judgment in the trial court that the one-year limit is unreasonable period of time within which to notify an insurer of an intent to receive benefits under an underinsured motorist provision. United Ohio answered the complaint and moved for

summary judgment on the pleadings. Cook also moved for summary judgment. The parties stipulated to the facts and to the contents of the policy purchased by Cook. The trial court ultimately granted declaratory judgment on behalf of Cook in August 1989.

United Ohio now appeals from the decision of the trial court, assigning the following as error:

"The trial court erred in granting plaintiff/appellee's motion for judgment on the pleadings."

The one-year time limitation at issue herein covers both uninsured and underinsured motorist claims under the policy. The relevant portion of the provision states as follows:

"No suit or request for arbitration may be brought against the Company unless you have complied with all terms of the Policy and unless action is filed within twelve months (12) after the date of accident."

As correctly pointed out by the court, Ohio permits insurance companies to reduce the two-year statutory period within which an injured party must institute an action against a tortfeasor, provided that this shorter period is reasonable in length. *Colvin* v. *Globe American Cas. Co.* (1982), 69 Ohio St. 2d 293.

United Ohio argues that the one-year limitation was reasonable, basing this contention upon *Colvin, supra,* in which the court held a one-year period was reasonable in the context of an *uninsured* motorist provision. Because we find significant differences between an uninsured and an underinsured motorist, we distinguish *Colvin* and hold that the trial court properly concluded that the one-year limitation was unreasonably brief.

Central to the trial court's decision was its recognition that the determinations the insured party must make in an underinsured motorist situation are three-fold. First, the insured must discover whether the tortfeasor has liability insurance, although this is often not difficult to deduce. Second, the injured party must discover the extent of the tortfeasor's coverage. As noted by the trial court, insurance companies do not generally make this information available, except in the context of a civil action filled by an injured party or his insurer. Finally, the extent of damages must be determined by the injured party, which evaluation may be affected by later developments -- such as a physical injury causing complications sometime after the accident.

By contrast, the uninsured motorist policy deemed to have reasonably included a one-year limitation in *Colvin* requires merely the discovery of whether the tortfeasor has liability insurance. *Id.* at 96. This determination may be made as early as the time when the injured party contacts the insurance company named by the tortfeasor only to learn that the tortfeasor gave false information or that the policy has lapsed.

We believe the facts in the case at bar clearly distinguish this case from *Colvin.* While Cook knew that her tortfeasor was covered, she did not know the extent of his coverage. Moreover, the extent of her personal injuries only fully became known to her after the one-year time period had expired.

Coverage under an underinsured motorist policy relies upon two variables: the extent of the tortfeasor's coverage and the extent of the injured party's damages. There can be no recovery by the insured unless he or she first knows whether the damage exceeds the limits of the tortfeasor's policy. It is unreasonable to expect the injured party to obtain definite calculations for both of these variables within the space of a year. We agree with the trial court that the one-year limitation is unreasonable and so overrule United Ohio's assignment of error.

*Judgment affirmed.*

JONES, P.J., concurs.
YOUNG, J., dissents.

[1] United Ohio is a subsidiary of the Ohio Mutual Insurance Association.

[2] "Underinsured motorist coverage is an option by which an insured may voluntarily predetermine the amount of insurance he desires to protect him in the event of injury by a negligent motorist who has liability insurance in an amount less than that predetermined amount." *Ohio Cas. Ins. Co.* v. *Yoby* (1985), 23 Ohio App. 3d 51, 54.

YOUNG, J., dissenting.

Based upon the reasoning set forth in *Colvin* v. *Glove American Cas. Co.* (1982), 69 Ohio St. 2d 293, I would hold that the insurance company was permitted to reduce the two-year statutory period for instituting an action to one year as it did in the case *sub judice*, and that the one-year limitation is reasonable in spite of the majority's efforts to distinguish uninsured from underinsured coverage.

Because the provision is reasonable, I dissent.