[Cite as *Scarberry v. W. Res. Group*, 2015-Ohio-240.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

TAMMY SCARBERRY,                             :

    Plaintiff-Appellant,                    :

                                          Case No. 14CA6

    v.                                       :

                                          DECISION AND
WESTERN RESERVE GROUP dba                   JUDGMENT ENTRY
LIGHTNING ROD MUTUAL INSURANCE CO.,   :

    Defendant-Appellee.                     :             RELEASED 01/20/2015

APPEARANCES:

Dennis A. Becker, Becker & Cade, Loveland, Ohio, for plaintiff-appellant Tammy Scarberry.

Ronald A. Rispo and Robert E. Goff, Jr., Weston Hurd LLP, Cleveland Ohio, and David L. Jarrett, Of Counsel, Western Reserve Mutual Casualty Company, Wooster, Ohio, for defendant-appellee Western Reserve Group dba Lightning Rod Mutual Insurance Company.

Hoover, P.J.

{¶ 1}  Tammy Scarberry appeals the Highland County Common Pleas Court's decision to grant Western Reserve Group dba Lightning Rod Mutual Insurance Company ("Lightning Rod") summary judgment on her claims against the company. Scarberry alleged that she was entitled to compensation for damage to her house and personal possessions resulting from a fire at the residence and pursuant to a homeowners' insurance policy issued to her by Lightning Rod. Lightning Rod filed a motion for summary judgment in which it alleged that Scarberry's claims were barred because she failed to participate in appraisement proceedings and failed to file suit within one and a half years after the date of loss as required by the policy and negotiated extension. The trial court granted the motion noting that the action was brought after the

expiration of the one-year suit limitations provision set forth in the policy, as well as an additional six-month extension agreed to by the parties. The trial court also noted that Scarberry's failure to participate in the appraisement process initiated by Lightning Rod equated to a failure to fulfill a condition precedent to filing suit.

{¶ 2} On appeal, Scarberry contends that the suit limitations provision of the policy is ambiguous, and that a genuine issue of material fact exists regarding whether the action was timely filed. Specifically, Scarberry contends that the one-year from date of loss suit limitations provision set forth in an endorsement to the policy contradicts a two-year from date of loss contractual time limit set forth in the main insuring document and that such contradiction was not noted in a third document issued during the policy coverage period highlighting "changes" from previous year coverages. We find that the policy language unambiguously states that an action must be commenced within one year from the date of loss, and that the parties mutually agreed to extend the suit limitations provision by six months. We further find that the one-year from date of loss suit limitations provision was not a change from previous coverage periods and thus was appropriately omitted from the summary change document provided to Scarberry. It is undisputed that the loss occurred on August 26, 2011. However, Scarberry did not file her complaint until June 17, 2013 – less than two years from the date of loss but beyond the negotiated extension of the contractual time provision. Thus, there is no doubt that the complaint was not timely filed and Lightning Rod was entitled to judgment as a matter of law. Accordingly, we affirm the trial court's judgment.

## I. FACTS & PROCEDURAL HISTORY

{¶ 3} Scarberry obtained a homeowners' insurance policy with Lightning Rod on April 10, 2008, for the premises at 3074 Beltz Road, Sardinia, Ohio. On April 10 of each following

year the policy was renewed for an additional year. On August 26, 2011, a fire caused damage to Scarberry's home. Scarberry notified Lightning Rod of the damage and made a claim under the insurance policy. On June 17, 2013, Scarberry filed a complaint for declaratory relief and money judgment against Lightning Rod alleging that her claims with Lightning Rod remained unresolved. Scarberry's complaint also contained bad faith and breach of fiduciary duty claims.

{¶ 4} Lightning Rod filed a motion for summary judgment alleging that it paid Scarberry all of her covered losses to the extent they were properly documented but that negotiations over the amount and extent of additional claimed losses were protracted and unresolved. Lightning Rod argued further that Scarberry's suit was barred because she failed to abide by the terms and conditions of the policy. In particular, Lightning Rod claimed that Scarberry failed to: (1) appoint an appraiser after a request for appraisement proceedings was initiated by Lightning Rod; and (2) file suit within the contractual time limits as set forth in the policy. Lightning Rod also argued that the suit was barred by the doctrine of accord and satisfaction. Lightning Rod supported its motion with a certified copy of the insurance policy, the affidavit of Attorney John G. Witherspoon, Jr., (a former attorney for Lightning Rod), the affidavit of Hans Boehm (Property Claims Manager for Lightning Rod), and other documents incorporated by the affidavits. In response to the motion for summary judgment, Scarberry argued that genuine issues of material fact remained, particularly with respect to the length of the contractual time limits to bring suit. Scarberry argued that the main insuring document contradicted the time limits announced in a policy endorsement and that it was unclear whether the endorsement was effective at the time of loss.

{¶ 5} Following the submission of a reply memorandum and supplemental memorandum by the respective parties, the trial court granted the motion for summary judgment. The trial court noted, inter alia, that:

> The Court finds that based upon the facts which are not in dispute, that the policy of insurance in effect at the time of [Scarberry's] loss contained a valid contractual provision that any suit against [Lightning Rod] had to be filed within one year of the loss. The evidence is uncontroverted that the one year period was extended for an additional six months to February 26, 2013 and that [Scarberry] did not file her action until June 17, 2013.

> Additionally, paragraph G of the endorsement to the "Section I-Conditions" limitation provision required an additional provision that the insured had to comply with all conditions of the policy before filing suit. The evidence is uncontroverted that [Scarberry] failed to appoint an appraiser to determine the amount of the loss for which she was to be compensated. By failing to do so, she did not comply with all of the conditions precedent to filing a lawsuit against [Lightning Rod] based upon the policy coverage.

> Therefore, the Court finds that there is no genuine material issue of fact and that [Lightning Rod] is entitled to judgment as a matter of law.

[Decision and Final Judgment Entry Granting Summary Judgment at 5.] This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶ 6} Scarberry assigns one error for our review:

THE TRIAL COURT ERRED IN GRANTING THE CIV.R.56 MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE LIGHTNING ROD MUTUAL INSURANCE COMPANY/WESTERN RESERVE GROUP.

## III. STANDARD OF REVIEW

{¶ 7} We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Accordingly, we afford no deference to the trial court's decision and independently review the record and the inferences that can be drawn from it to determine whether summary judgment is appropriate. *Harter v. Chillicothe Long-Term Care, Inc.*, 4th Dist. Ross No. 11CA3277, 2012-Ohio-2464, ¶ 12; *Grimes v. Grimes*, 4th Dist. Washington No. 08CA35, 2009-Ohio-3126, ¶ 16.

{¶ 8} Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the nonmoving party's favor. Civ.R. 56(C). The party moving for summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *Dresher* at 293. Moreover, the trial court may consider evidence not expressly mentioned in Civ.R. 56(C) if such evidence is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Discover Bank v. Combs,* 4th Dist. Pickaway No. 11 CA25,

2012–Ohio–3150, ¶ 17; *Wagner v. Young,* 4th Dist. Athens No. CA1435, 1990 WL 119247, *4

(Aug. 8, 1990). "If the moving party fails to satisfy its initial burden, the motion for summary

judgment must be denied." *Dresher* at 293. However, once the initial burden is met, the

nonmoving party then has a reciprocal burden to set forth specific facts to show that there is a

genuine issue for trial. *Id.;* Civ.R. 56(E).

### IV. LAW & ANALYSIS

{¶ 9}  In support of her sole assignment of error, Scarberry contends that summary

judgment was inappropriate because the insurance policy is ambiguous as to the time limitation

within which she was required to initiate action against Lightning Rod. We respectfully disagree.

{¶ 10}  "As with other contracts, a policy of insurance may set a limitations period for

bringing an action under the policy that is less than the statutory limitations period for contract

actions generally." *Montgomery v. State Auto. Mut. Ins. Co.*, 4th Dist. Pike No. 99CA639, 2000

WL 33226195, *3 (Dec. 18, 2000), citing *Colvin v. Globe Am. Cas. Co.*, 69 Ohio St.2d 293, 432

N.E.2d 167 (1982); *see also Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-

4102, 953 N.E.2d 820, ¶ 1 (upholding enforceability of limitation-of-action clause contained in

insurance contract). "However, such a contractual limitations period is valid only if 'the time

provision is clear, unambiguous, and [for] a reasonable period.' " *Montgomery* at *3, quoting

*Colvin* at 296. "A one-year limitation of action period is not an unreasonable length of time."

*Maple v. Cincinnati Ins. Co.*, 10th Dist. Franklin No. 92AP-448, 1992 WL 249870, *2 (Sept. 29,

1992), citing *Colvin*. Thus, the issue before this Court is whether the limitations period stated in

the insurance policy is clear and unambiguous.

{¶ 11}  The construction of a written contract, such as an insurance policy, is a matter of

law. *Shafer v. Newman Ins. Agency*, 4th Dist. Highland No. 12CA11, 2013-Ohio-885, ¶ 10,

citing *Dial v. Ostrander*, 4th Dist. Athens No. 03CA14, 2003-Ohio-5117, ¶ 12. "In construing a written instrument, the primary and paramount objective is to ascertain the intent of the parties so as to give effect to that intent." *Id.*, citing *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989). "Courts must give common words their ordinary meaning unless manifest absurdity would result or some other meaning is clearly evidenced from the face or overall contents of the written instrument." *Id.*, citing *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 2004-Ohio-7104, 821 N.E.2d 159, ¶ 29. " 'If a contract is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations; instead, the court must give effect to the agreement's express terms.' " *Id.*, quoting *Uebelacker v. Cincom Sys., Inc.*, 48 Ohio App.3d 268, 271, 549 N.E.2d 1210 (1st Dist.1988).

{¶ 12} On the other hand, where the language of an insurance contract is ambiguous, it must be construed in favor of the insured and against the insurer. *Dominish* at ¶ 7; *see also Faruque v. Provident Life & Acc. Ins. Co.*, 31 Ohio St.3d 34, 508 N.E.2d 949 (1987), syllabus ("Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer."). However, "ambiguity should not be created where it does not exist." *Dominish* at ¶ 7.

{¶ 13} In the case sub judice, the summary judgment evidence demonstrates that the first insurance policy issued by Lightning Rod to Scarberry for the period spanning April 10, 2008 to April 10, 2009, contained a one-year suit provision in the main insuring document. Specifically, the insurance policy included the following suit limitations provision:

**SECTION 1-CONDITIONS** * * *

**8. Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

The subsequent renewal policies for the next two policy periods contained an identical suit limitations provision in the main insuring document.

{¶ 14} For the policy year April 10, 2011 through April 10, 2012, the main insuring document was altered. The new main insuring document contained the following time limit provision:

**SECTION 1-CONDITIONS** * * *

**G. Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under Section 1 of this policy and the action is started within two years after the date of loss.

However, attached to the 2011-2012 main insuring document was an HMO139 endorsement form, which operated to retain the one-year suit limitation period. Specifically, endorsement form HM0139 states the following:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT**

**CAREFULLY.**

**SECTION 1-CONDITIONS**

**SUIT AGAINST US – OHIO**

**SECTION I – CONDITIONS**

**G. Suit Against Us**

Condition **G.** is replaced by the following:

**G. Suit Against Us**

> No action can be brought against us unless there has been full compliance with all of the terms under Section 1 of this policy and the action is started within one year after the date of loss.

All other provisions of this policy apply.

{¶ 15} The Declarations pages sent to Scarberry upon renewal of the policy, for policy period April 10, 2011 to April 10, 2012, clearly identifies endorsement form HM0139 as a governing document of the policy. A fifteen page summary document, summarizing changes to the policy from previous year coverages, was also included with the new policy effective with the renewal on April 10, 2011. The summary change document does not reference endorsement form HM0139.

{¶ 16} Scarberry's primary contention on appeal is that the insurance policy's suit limitations provision is ambiguous; and thus summary judgment is inappropriate. Specifically, Scarberry argues that the suit limitations provision was altered or changed without notice to her from two years from the date of loss to one year from the date of loss.

{¶ 17} Scarberry's argument lacks merit for several reasons. First, the language of the policy is clear and unambiguous. Endorsement form HM0139 plainly states that action under the policy must be initiated within one year from the date of loss. The form attached to the main insuring document unequivocally states that it replaced the suit limitations provision in the main insuring document. In addition, reference to the endorsement was included in the Declarations pages indicating it was a part of the insurance agreement. Second, the endorsement preserved the one-year suit limitations period which was the same suit limitations period that had existed since Scarberry received her first policy in 2008. The only difference was that the suit limitations period that was formerly included in the main insuring document was now attached as an endorsement to the policy. Thus, there was no change to the suit limitations period from previous

policy years and Lightning Rod's failure to reference endorsement form HM0139 in the summary change document did not create an ambiguity as argued by Scarberry. The policy language is not ambiguous.

{¶ 18} Scarberry also suggests that Lightning Rod violated its duty under Ohio Adm.Code 3901-1-54(G)(5) to notify her of the pending expiration of the suit limitations provision, thus contributing to the ambiguous nature of the provision. Ohio Adm.Code 3901-1-54(G)(5) states as follows:

> Notice shall be given to claimants at least sixty days, before the expiration of any statute of limitation or contractual limit, where the insurer has not been advised that the claimant is represented by legal counsel.

{¶ 19} This argument is also without merit. First, Scarberry was represented by legal counsel during the claims process. Lightning Rod presented summary judgment evidence showing that its previous legal counsel, Attorney Witherspoon, agreed with Scarberry's previous counsel, Attorney Jon C. Hapner, to extend the one-year suit limitations period by an additional six months. This extension was memorialized in writing as evidenced by two letters dated August 21, 2012, and introduced during the summary judgment proceedings. Both letters were signed by Attorney Witherspoon and clearly set forth the one-year suit limitations provision and the agreement of the parties to extend the provision by an additional six months. One of the letters was addressed to Attorney Hapner; and the second letter was addressed to Scarberry personally. The Scarberry letter also contained two checks that were signed and cashed by Scarberry, indicating that she received the letter. Thus, there is no doubt that Scarberry and her previous legal counsel, Attorney Hapner, were put on notice of the one-year suit limitation and six month extension. Accordingly, even if we were to assume arguendo that notice was owed to

Scarberry under the Ohio Administrative Code, the letters dated August 21, 2012, and delivered to both her and her attorney satisfied such requirement by clearly restating the one-year suit limitation and agreed upon six month extension.

{¶ 20} We further note that on October 26, 2012, Lightning Rod delivered via regular and certified mail a letter to Scarberry requesting that she participate in appraisement proceedings pursuant to the provisions of the insurance policy. The letter included a reminder that the suit limitations provision had been previously extended six months, specifically stating:

> Please note that the demand for appraisal is not an extension of **the contract limitations provision which we have previously agreed expires on February 26, 2013** as outlined in the letter to Attorney Hapner dated August 21, 2012.

(Emphasis added.) Thus, the October 26, 2012 correspondence reminded Scarberry for the second time that the suit limitations provision and negotiated extension expired on February 26, 2013. Accordingly, even if Lightning Rod had a duty to inform Scarberry of the pending deadline to file suit, it did so on more than one occasion, and Scarberry cannot reasonably contend that the deadline to file suit was ambiguous.

## V. CONCLUSION

{¶ 21} It is clear from the policy language that a lawsuit by an insured against the insurer had to be commenced within one year of the loss or damage sustained. It is also clear from the evidence that in the case sub judice, the parties agreed to extend the suit limitations provision by an additional six months. Scarberry was advised both directly, and through counsel, that the extension would expire six months later, or 18 months from the date of loss, which placed the deadline at February 26, 2013. Scarberry, however, did not file her complaint until June 17, 2013. Therefore, her suit is untimely under the unambiguous language of the policy and agreed upon extension.

{¶ 22}  Because Scarberry's lawsuit was untimely filed, no genuine issues of material fact exist and Lightning Rod is entitled to judgment as a matter of law. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.: Concur in Judgment & Opinion.

For the Court

By:_____
                    Marie Hoover, Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.